## BEARD *v.* STATE.

### Opinion delivered February 4, 1907.

ERROR CORAM NOBIS—NEWLY DISCOVERED EVIDENCE.—The writ of error coram nobis does not lie to review a judgment of conviction of rape rendered by the court at a former term, upon allegations that the

prosecuting witness since that trial has admitted that she committed perjury in testifying that defendant ravished her.

Appeal from Phillips Circuit Court; *H. N. Hutton,* Judge; affirmed.

*Baldy Vinson* and *June P. Wooten,* for appellant.

1. The right to bring proceedings in the nature of coram nobis exists, even though one has prior thereto pursued his other remedies. 11 Mo. 661; 61 Pac. 690; 57 Kan. 398; 60 Kan. 51. A motion for the writ will lie to revoke the judgment at any time the matter is presented to the court by such motion, supported by affidavits or evidence. 44 Mo. App. 506. See also 34 Am. Dec. 395; 19 Wend. 620; 8 East, 414; 20 Wend. 626; 1 Swan. 341.

2. The circuit court has power to issue and determine necessary writs to carry into effect its general and specific powers. Kirby's Digest, § 1310. In the exercise of its common-law power, it has authority to issue the writ in this State. Kirby's Digest, § 623; 35 Ark. 517; 58 Ark. 229. The writ is available as a common-law remedy, notwithstanding an additional remedy may be provided by statute. 46 Am. Dec. 257; 46 Conn. 604.

3. Sufficient facts having been set up in his petition, the court should have sustained the petition and placed the petitioner back on trial, in view of the constitutional guaranty allowing him "to have compulsory process for obtaining witnesses in his favor." Art. 2, § 10, Const. See also 35 Tenn. 341; 18 L. R. A. 838; 62 Kan. 109; 66 Kan. 202; 19 L. R. A. 762; 52 *Id.* 512; 48 L. R. A. 839.

*Robert L. Rogers,* Attorney General, and *G. W. Hendricks,* for appellee.

At the common law, at the conclusion of the former trial, appellant had the right to file his petition, either for writ of error to correct an error of law or for coram nobis to correct an error of fact; but he had no right to file both, or one and then the other. Appellant took a writ of error, and this court affirmed the judgment of the lower court. 79 Ark. 292. He is now precluded from employing the writ of *coram nobis.* 1 Stra. 696; 2 *Id.* 975.

. RIDDICK, J.  The defendant, Govan Beard, a negro, was indicted in the Phillips Circuit Court for the crime of rape committed upon the person of one Annie McAbles, a white woman. The defendant entered a plea of not guilty, but on the trial he was convicted and sentenced to be hung. The conviction rested almost entirely upon the testimony of the prosecuting witness, Annie McAbles. The case was afterwards brought to this court by writ of error, and the judgment affirmed.

After the judgment had been affirmed the defendant by his counsel presented a petition to the circuit court where the conviction was obtained, asking for a writ of error *coram nobis.* He alleged that the prosecuting witness, Annie McAbles, had committed perjury on the trial, and further showed that since the trial in the circuit court she had admitted that her testimony on the trial that the defendant had ravished her was false, and in her desire to repair the wrong that she had committed she had voluntarily made affidavit to that fact, and confessed her wrong in the presence of a number of reputable citizens. He further alleged that at the time of the trial the community where the trial was had was in a state of frenzy in ignorance of the true facts, and under the belief that he, a negro, had committed rape on a white woman; that he was tried at a special term of the court called for that purpose, and because of the threats of the mob against him and through fear of violence he was afraid to apply for a continuance of the trial; that he on that account was compelled to submit to a trial without the opportunity of summoning witnesses and presenting evidence that would have contradicted the prosecuting witness and exonerated him. He therefore asked for a writ of error coram nobis to try whether the petitioner was denied a legal trial by reason of mob violence being threatened at the time, and whether the prosecuting witness committed perjury in testifying that she was ravished by defendant, and whether the other facts alleged in the petition are true or not.

Affidavits were attached to the petition, tending to show that the facts alleged therein were true.

After hearing the petition, the circuit court overruled the petition and refused to issue the writ, and the defendant appealed.

The only question in this case is whether the facts stated

in the petition were sufficient to justify the circuit court in issuing the writ of error coram nobis to review a judgment rendered by that court at a former term.

In the case of *Bronson* v. *Schulten*, the Supreme Court of the United States discussed the question as to the proper functions of the writ of *coram nobis*. After stating that the writ was allowed to bring before the same court in which the error was committed some matter of fact which had escaped attention, and which was material in the proceedings, and that these were generally limited to the facts that one of the parties to the judgment had died before it was rendered, or was an infant, and that no guardian had appeared, or been appointed, or was a *feme covert,* and the like, or error in the process through default of the clerk, the court said further: "It is quite clear, upon the examination of many cases of the exercise of this writ of error coram nobis found in the reported cases in this country and in England, that it does not reach to facts submitted to a jury, or found by a referee, or by the court sitting to try the issues; and therefore it does not include the present case." *Bronson* v. *Schulten*, 104 U. S. 410.

In a case involving this question decided by this court it was said that the writ "will not lie to contradict or put in issue any fact that has been already adjudicated in the action. An issue of fact wrongly decided is not error in that technical sense to which the writ refers. If the error lie in the judgment itself, it must be corrected by appeal or writ to a superior court." *Howard* v. *State*, 58 Ark. 229.

Now the defendant in this case was not, under fear of violence from a mob, compelled to enter a plea of guilty, as was the case in the case of *State* v. *Calhoun*, 50 Kan. 523, where judgment was rendered against the defendant on his plea of guilty without the formality of a trial. In this case he entered a plea of not guilty, and he was tried on that plea and convicted. The defendant now says that he is innocent, that the prosecuting witness committed perjury on the trial, and that he through fear of mob violence was prevented from producing evidence to contradict her. But the question of whether the prosecuting witness told the truth on the trial, and whether the defendant was guilty or innocent, has already been submitted to a jury and

decided in that trial. As we have shown by the decisions both of this and the Supreme Court of the United States, the writ of *coram nobis* will not lie to review a fact already submitted to and determined by the court or jury.   •

The fact that the defendant was prevented from obtaining his witnesses does not in our opinion alter the case, for that is a matter that should have been set up by a motion for new trial at the term at which he was convicted.

We have come to this conclusion with some reluctance, for the affidavit of the prosecuting witness filed with the petition of defendant and the other evidence convince us that the testimony of this witness is utterly unreliable, and that there are grave doubts of the guilt of the defendant. But our statute does not provide for new trials in criminal cases on the ground of newly discovered evidence, and for the reasons stated above we are of the opinion that the writ of error coram nobis does not lie in this case. The case has therefore passed beyond the jurisdiction of this court, and we are powerless to modify the judgment. The judgment of the circuit court refusing the writ must be affirmed, and it is so ordered.