## KELLEY *v.* STATE.

## Opinion delivered December 11, 1922.

1. ERROR CORAM NOBIS—WHEN REMEDY AVAILABLE.—The writ of error *coram nobis* is available to set aside a judgment of conviction after expiration of the term of court if the defendant was insane at the time of the trial and that fact was not made known or suggested at the trial.

2. CRIMINAL LAW—INSANITY—ERROR CORAM NOBIS.—Where there was a suggestion at the trial of a felony of the question of the present insanity of the accused, the failure or refusal of the court to institute an inquiry into that question by impaneling a jury must be corrected, if erroneous, by appeal or writ of error, and not by writ of error *coram nobis*.

Appeal from Logan Circuit Court, Southern District; *James Cochran,* Judge; affirmed.

*John P. Roberts* and *Evans & Evans,* for appellant.

*J. S. Utley,* Attorney General, *Elbert Godwin* and *W. T. Hammock,* Assistants, for appellee.

McCULLOCH, C. J. This is an appeal from a judgment of the circuit court refusing to issue a writ of error *coram nobis* for the purpose of inquiring into the question of appellant's sanity at the time of his trial and conviction of a felony during a former term of the court.

It has been decided by this court that the method of reviewing an order of the circuit judge in vacation refusing to issue such a writ is by certiorari, but since the record is now before us and could be treated as being here on certiorari, we pretermit decision of the question whether the record should have been brought up by writ of certorari or on appeal, where the order refusing the writ was made by the circuit court, and not by the judge in vacation.

Appellant was indicted for the crime of murder in the first degree, and upon the first trial was convicted of murder in the second degree, but on appeal the judgment was reversed, and the cause remanded for a new trial. 146 Ark. 509. On the trial anew appellant was

again convicted of murder in the second degree, and on appeal the judgment of conviction was affirmed. *Kelley v. State,* 154 Ark. 246.

It was conceded, at each of the trials, that appellant shot and killed the person named in the indictment, but the defense was based on the grounds that appellant acted in necessary self-defense, and also that he was insane at the time the killing occurred. Both of these issues were submitted to the jury, and the last judgment of conviction was affirmed on the ground that the issues were properly submitted.

After the expiration of the term, appellant, acting through his next friend, filed and presented to the court, at the next term, a petition for a writ of error *coram nobis,* to the end that a jury might be impaneled to try the question of his insanity at the time of the trial. The petition was accompanied by affidavits in support of the allegation that appellant was insane at the time of his last trial. The trial court heard these affidavits, and also heard oral testimony in the proceeding to determine whether or not the writ should be granted.

There was evidence adduced on appellant's behalf tending to show that he was insane, both at the time the killing occurred and at the time of the trial. It appeared also, from the testimony adduced, that during the trial of the cause appellant's counsel contended on his behalf that he was insane at the time of the trial and did not comprehend the importance of the proceedings. This statement, it appears, was made by appellant's counsel in his opening statement to the jury, which, of course, was in the presence of the court.

It is shown in the evidence in this case that, in the trial of appellant, there was an attempt to show hereditary insanity on the part of appellant, and that it took the form of delusional insanity, or *paranoia,* which had reached what is termed the "persecutory stage."

In many decisions of this court the office of a writ of error *coram nobis* has been outlined and discussed, and, among other things, it has been held that the remedy

under this writ is available to set aside a judgment of conviction after expiration of the term of court, if the defendant was insane at the time of the trial and that fact was not made known or suggested at the trial. *Adler* v. *State,* 35 Ark. 517; *Howard* v. *State,* 58 Ark. 229; *Ince* v. *State,* 77 Ark. 418; *Johnson* v. *State,* 97 Ark. 131; *Hydrick* v. *State,* 104 Ark. 43; *Duncan* v. *State,* 110 Ark. 523; *Hodges* v. *State,* 111 Ark. 22; *Cunningham* v. *State,* 149 Ark. 336. In all of these cases stress is laid upon the fact that it is essential to the availability of this remedy that the question of the insanity of the accused had not been suggested at the trial, the reason being that it is not the office of this writ to bring up for trial anew any issue of fact decided in the trial. In *Howard* v. *State, supra,* these questions were learnedly discussed by special Judge FLETCHER, who said:

"But it will not lie to contradict or put in issue any fact that has been already adjudicated in the action. An issue of fact wrongly decided is not error, in that technical sense to which the writ refers. If the error lie in the judgment itself, it must be corrected by appeal or writ of error to a superior court."

It necessarily follows therefore from these decisions that, if there has been a suggestion at the trial of the question of the present insanity of the accused, the failure or refusal of the court to institute an inquiry into that question by impaneling a jury must be corrected, if erroneous, by appeal or writ of error to this court, and cannot be again raised on writ of error *coram nobis.*

It is made the duty of the trial court by statute (Crawford & Moses' Digest, § 3055) when it appears that "there are reasonable grounds to believe that the defendant is insane," to postpone the trial and impanel a jury to inquire "whether the defendant is of unsound mind." No particular formula is prescribed for bringing this matter to the attention of the court, but, if it is brought to the attention of the court in any form and there is error, it can be corrected on appeal. *Duncan* v. *State, supra.*

It is not important, at this stage of the proceedings, whether or not there was an assignment of error on the former appeal from the judgment of conviction as to the failure of the court to inquire into the question of appellant's insanity at the time of the trial, but it is shown in the present proceedings that the question was raised at the trial by appellant's counsel in such manner that the court could have taken cognizance of the suggestion, and, since that was done, appellant's only remedy was to insist on an inquiry at the time and appeal to this court from erroneous refusal of the trial court to institute such an inquiry. The fact that this question was brought to the court's attention in the former trial affords sufficient grounds for refusing to issue a writ of error *coram nobis* for the purpose of raising again the question of appellant's insanity at the time of the trial. The trial court was therefore correct in refusing to issue the writ.

Affirmed.