SEASE *v.* STATE.

## Opinion delivered February 19, 1923.

1. CRIMINAL LAW—INSANITY—ERROR CORAM NOBIS.—Where the question of accused's sanity was suggested either formally or informally at or before trial, the writ of error *coram nobis* is not available after conviction to raise that question for the purpose of setting aside the judgment.

2. CRIMINAL LAW—REFUSAL OF CONTINUANCE—ERROR CORAM NOBIS. —Refusal of a continuance in a murder trial on the ground that defendant was insane, if error, could be corrected only by appeal, and not by writ of error *coram nobis*.

3. CRIMINAL LAW—INSANITY—ERROR CORAM NOBIS.—Where, in a murder trial, there was evidence which suggested defendant's insanity, and, in support of a writ of error *coram nobis*, the evidence adduced was merely cumulative of that adduced at the trial, and tended to show general insanity, which began long before commission of the homicide, it was not error to refuse the writ.

Certiorari to Baxter Circuit Court; *Walter L. Pope,* Judge; affirmed.

*W. U. McCabe, Joe George* and *Mehaffy, Donham & Mehaffy,* for appellant.

It is within the province of the circuit court, or the judge thereof in vacation, upon a proper showing, to issue a writ, returnable to the court, to inquire into the alleged insanity of a prisoner at the time set for execution. 115 Ark. 317; 35 Ark. 517; 124 Wis. 634; 4 A. & E. Ann. Cases, 389, and note on p. 393. When the application is made to the judge in vacation for the writ, a full and complete hearing is not contemplated in law, hence at that time a *prima facie* showing is sufficient, or at most such showing as would raise reasonable grounds to believe that the prisoner is insane. C. & M. Digest § 3055. Though the court is held in *Kelley* v. *State,* 156 Ark. 188, that the writ of error *coram nobis* will not be to inquire into the convict's mental condition at the time of the trial, where his insanity was brought to the attention of the court by suggestion of counsel during the trial, yet we think the "suggestion" meant was

.a calling of the court's attention thereto in such manner as to require action by the court. However that may be, we think the writ will lie to inquire into the insanity of a prisoner at the time set for his execution.

*J. S. Utley*, Attorney General, *Elbert Godwin* and *Wm. T. Hammock*, Assistants, for appellee.

The writ of error *coram nobis* will not lie to contradict or put in issue any fact that has already been adjudicated in the case. 58 Ark. 229. It is available to set aside a judgment of conviction after the expiration of the term of court, if the defendant was insane at the time of the trial, and that fact was *not made known or suggested at the trial. Kelley* v. *State,* 156 Ark. 188. But it will not lie to contradict or put in issue any fact already adjudicated in the action. *Id.* Petitioner's insanity has already been put in issue and decided against him. *Sease* v. *State,* 155 Ark. 130. His sanity having been affirmatively established in the murder trial, it will be presumed to continue until the contrary is shown. 19 Ark. 533; 59 Ark. 246; 10 R. C. L. 872, and cases cited; *Id.* 879. And the burden was on the petitioner to overthrow this presumption.

McCULLOCH, C. J. At a special term of the circuit court of Baxter County held in May, 1922, the petitioner, Herbert Sease, was convicted of the crime of murder in the first degree and sentenced to death by electrocution. The judgment of conviction was, on appeal, affirmed by this court. *Sease* v. *State,* 155 Ark. 130. After the judgment of affirmance by this court the date of the execution was fixed by executive proclamation, and on December 12 the petitioner, through his counsel, presented to the judge of the circuit court in vacation a petition for a writ of error *coram nobis* for the purpose of inquiring into appellant's sanity at the time of his trial and conviction. Numerous affidavits were presented to the circuit judge in support of the petition, but upon examination thereof he refused to issue the writ. The record made be-

fore the judge in vacation has been brought here on certiorari for review.

The case is, we think, ruled by the principles announced by this court in the recent case of *Kelley* v. *State,* 156 Ark. 188. We decided in the case just cited that, where the question of the insanity of the accused was suggested, either formally or informally, at or before the trial, the writ of error *coram nobis* was not available after conviction to raise that question for the purpose of setting aside the judgment.

The testimony offered in support of this writ was merely cumulative of the testimony that was offered in the trial and tended to show general insanity dating back prior to the day of the homicide. The accused, at the trial, asked for a continuance of the cause on the ground that he was insane, and the refusal of the court to grant the continuance was one of the assignments of error on the appeal to this court. If the trial court erred in failing to suspend the trial on account of the alleged insanity of appellant, it was an error which could only be corrected by appeal.

The petition now before us is sufficiently broad, however. to constitute an allegation of insanity at the present time and to invoke relief by suspension of the sentence as long as the condition of insanity of the accused exists.

In our former decisions we have recognized the power of the court to grant relief in capital cases, where the convict is insane when the time comes for executing the judgment. This remedy, however, as shown in the Kelley case, *supra,* must be exercised with caution, and the court determines, as a preliminary question, whether there is sufficient ground for entering upon an investigation of the question of the insanity of the convict. As we have already said, the testimony now adduced is merely cumulative of that which was adduced at the trial, and tends only to show general insanity, which began long before the commission of the homicide. It is true

there were introduced the affidavits of physicians who testified as experts, but that testimony is merely cumulative. There was no showing of a substantial change in petitioner's condition since the original trial.

We are of the opinion that the circuit judge was justified, under the circumstances, in refusing to grant the writ. The writ of certiorari is therefore quashed, and the judgment of the circuit judge in vacation is affirmed.