STATE *v.* HUDSPETH.

Cr. 3967

Opinion delivered December 9, 1935.

*Carl E. Bailey,* Attorney General, and *Guy E. Williams,* Assistant, for appellant.

*John L. Carter, Sam Rorex* and *Edward H. Coulter,* for appellee.

MEHAFFY, J. The appellee was indicted January 15, 1932, for receiving deposits into an insolvent bank. On April 30, 1932, he made bond in the sum of $750 for his appearance in court. On July 18, 1932, he filed motion for a change of venue. This motion was overruled by the court. On July 18, 1932, appellee entered his plea of guilty, and it was ordered and adjudged by the court that the cause be continued until the January term of court, 1933, for sentence and judgment.

On July 17, 1933, appellee filed the following motion:

"Comes the defendant, A. T. Hudspeth, and respectfully represents to the court:

"That at the January, 1932, term of the circuit court of this county an indictment was returned against him in the above-entitled cause, said indictment was returned, being No. 7; that at the same term of said court an indictment was returned against him, No. 13, charging him with the crime of embezzlement of money from said Citizens' Bank & Trust Company; that at the same term of said court an indictment was returned against him, No. 16, charging him with the crime of embezzlement of funds of J. H. Fowler; that at the same term of said court an indictment was returned against this defendant's son, W. A. Hudspeth, charging him with the crime of receiving deposits in the People's Saving Bank of Harrison, Ark., knowing said institution to be in an insolvent condition, and a similar indictment was returned against G. C. Coffman, charging him with the crime of receiving deposits in said People's Saving Bank, knowing said institution to be in an insolvent condition; that similar indictments were returned against G. C. Alexander, Dan Holmes and T. E. Milburn, officers of the said Citizens'

Bank & Trust Company of Harrison, Arkansas, charging them with receiving deposits and assenting to the receipt of deposits in said Citizens' Bank & Trust Company, knowing said institution to be in an insolvent condition; that all of said indictments were pending in the Boone Circuit Court at the July, 1932, term of said court; that at the same time an indictment was pending in the circuit court of Searcy County, Arkansas, against A. A. Hudspeth, charging him with the crime in connection with the failure of the First State Bank of Marshall, Arkansas, and that at said time it was contemplated that efforts to secure indictments against this defendant and other persons theretofore associated with him and in his employment in various banks in this judicial district would be made, this defendant having been the chief officer and managerial head of eleven banks in this judicial district, all of which had theretofore been declared insolvent.

"That at the said July, 1932, term of the Boone Circuit Court this defendant filed a motion for a change of venue in the causes pending against him, which motion was supported by the affidavits of W. T. Raley, S. D. Jones, A. H. Boyd, W. H. Watkins, Ralph Jefferson, W. E. Halbrook and W. H. Pettit, reputable citizens of this county, to the effect that the citizenship of this county was so prejudiced against this defendant that he could not obtain a fair and impartial trial here; that said motion was overruled by the court and exceptions saved to said action by the defendant on the ........ day of July, 1932; that said cause was set for trial the following day to be called at 8 o'clock A. M.; that, prior to the calling of said cause as above stated, this defendant was approached by officers of the court and those interested in the prosecution for a compromise of all of said cases, and that the following agreement was finally arrived at and entered into by and between the court and the prosecuting attorney and the defendant and his attorneys, to-wit:

"That all the above-mentioned indictments, except the indictments in this cause referred to herein as No. 7, should be dismissed against all of defendants upon defendants paying the costs in each action, including a

prosecuting attorney's fee of $25 in each case; that no further indictments or prosecutions would be instigated against any of the officers or employees of any of said above-mentioned institutions in this judicial district; that this defendant would enter his plea of guilty in this particular cause, which plea was at said time entered; that he should receive a sentence in the penitentiary of this State of the term of one year, and that, prior to the pronouncement of said sentence and judgment of the court, all the above-mentioned cases should be dismissed, and that at this defendant's own option he might receive his sentence at the October, 1932, adjourned term of this court, which it was then contemplated would be held, or defendant might elect to receive his sentence at the January, 1933, term of this court, or, at defendant's election and option, the pronouncement of said sentence would be deferred until the July, 1933, term of this court; that all of said agreements on the part of the officials of the court and those interested in the prosecution were conditions precedent to the entering of said plea of guilty and were to be performed prior to the pronouncement of sentence and judgment upon said defendant.

"That at the January, 1933, term of said court this court, in an open statement to a reporter of the *Harrison Daily Times,* a newspaper published at Harrison, Boone County, Arkansas, and having a general circulation, therein indicated that the court did not intend to abide by certain portions of that agreement as hereinbefore set out, which statement was in substance as follows:

" 'That he (Judge Koone) would leave the cause up to Hudspeth either to present himself at the present session and accept sentence of a year in the penitentiary, or delay until the July term of court and be sentenced to ten years.'

"That said agreements, on the part of the officials of the court and the prosecution, have not been performed, and that further indictments have been procured by the prosecution and court officials, and are now pending against this defendant and other officials connected with said banking institutions; that the court and the prose-

cuting attorney, in public and private statements, have indicated that they do not intend to perform said agreement in the future.

"That therefore this defendant desires to withdraw his said conditional plea of guilty and to enter his plea of 'not guilty' to this cause; that he is innocent of the charge herein and entered said plea of guilty solely for the purpose of protecting his friends and former business employees and associates, as well as himself, from further trouble or prosecutions in connection with said bank failures.

"That he is entitled to withdraw said conditional plea of guilty because, (1) said plea was conditional as hereinbefore set out, and (2) the said agreement on the part of the court officials and the prosecution has not been performed or kept.

"Wherefore defendant prays that he be permitted to withdraw his conditional plea of guilty herein and enter his plea of not guilty to this charge, and that he be granted leave to adduce testimony in support of this motion."

On July 18, 1933, appellee filed a motion to disqualify the presiding judge. Evidence was heard on this motion, and the motion was overruled. The court then overruled appellee's motion to withdraw his plea of guilty, and sentenced him for three years in the penitentiary. The appellee filed his motion for a new trial, which was overruled, and an appeal was prosecuted to this court.

The case was decided by this court on December 4, 1933, and is reported as *Hudspeth* v. *State,* 188 Ark. 323, 67 S. W. (2d) 191.

On February 4, 1935, appellee filed in the Boone Circuit Court a petition for a writ of error *coram nobis.* In the petition he made a lengthy statement about the financial condition of the country and about the condition of banks, and alleged his indictment, and motion for change of venue, and the agreement that he claimed to have had with the officers, and stated, among other things, that he was convinced that his life would be in danger if he proceeded to trial, and entered a plea of guilty, and that he

would not otherwise have entered such a plea; that upon entering his plea, the cause was continued for the term without the pronouncement of sentence; that he thereafter filed his petition asking that the judgment of conviction be set aside, and that he be permitted to go on trial in the case on its merits; that his petition was overruled and sentence passed on him condemning him to serve three years in the penitentiary; that an appeal was taken, and that the judgment was modified by the Supreme Court by reducing the penalty to one year; that he had been denied his constitutional rights; that preliminary steps for perfecting his review before the United States Supreme Court were taken, but that said action had been abandoned; that, because of the high state of feeling against him, he was prevented from producing the facts, and he asked for the writ of error *coram nobis,* and for a record of the proceedings in the case, and that said judgment be set aside.

The court made an order directing the issuance of the writ and directing the clerk to certify and bring forth the record, proceedings and judgment in the cause of the State of Arkansas against appellee. Then on February 4th the court issued an order to the clerk directing him to certify and bring into court the record of the proceedings and the judgment in this cause made and entered in said court on July 18, 1933.

The prosecuting attorney filed a response to the petition for a writ of error *coram nobis.* The appellee's attorney then filed an assignment of error. Judge Holt was prosecuting attorney at the time appellee was convicted, and is now the regular circuit judge, and was at the time this petition was filed. He certified his disqualification, and the Honorable W. T. Mills was selected as special judge to try the case.

A writ of error *coram nobis* lies for the purpose of obtaining a review and correction of a judgment by the same court which rendered it, with respect to some error of fact, not of law, affecting the validity and regularity of the judgment. 34 C. J. 390.

The appellee brings petition for this writ and alleges that his plea of guilty was entered because of threats of

violence against him and to save himself from mob violence.

It is first contended by the appellant that the writ of error *coram nobis* does not lie where the facts were known at the time of the trial. This is generally true, but, if he entered his plea of guilty because he feared mob violence, as he claims in this case, he could not have entered the plea of guilty because of threatened violence unless he did know of it. If one is caused to enter a plea of guilty in a criminal case from fear or duress, he is entitled to the writ, but he is not entitled to the writ to correct any error at law, but only error as to the facts. It appears that he was indicted and afterwards made bond and entered his plea of guilty six months after the indictment, and about three months after his arrest. After the plea of guilty was entered, he filed an application to be permitted to withdraw his plea of guilty and enter a plea of not guilty, and have his trial. There was not a word in his application about threats or violence of any kind, and his petition conclusively shows that he entered the plea of guilty, not because he feared violence, not because of any threats, but, as he stated in his application to withdraw his plea of guilty, said plea of guilty was entered solely for the purpose of protecting his friends and former business employees and associates, as well as himself. This petition by him was sworn to, and he testified that he had made an agreement with the officers of the court to enter a plea of guilty to one indictment, and that the other indictments against himself and friends should be dismissed. He alleged that the agreement was that he was to be sentenced to one year in the penitentiary. He knew at the time he made the application all the facts that he now knows, and he could have made them known to the court, and it was his duty to do so if he desired to urge them as a reason for setting aside the judgment on his plea of guilty. The court overruled his motion to set aside the judgment after hearing the evidence, and he prosecuted an appeal to this court, and the judgment of the Boone Circuit Court was affirmed. All of his statements and his conduct show beyond question that he did

not enter the plea of guilty because he feared mob violence. He not only swore himself that he did not, but he asked the court to set aside the plea and permit him to go to trial. He was ready and willing to go to trial. He would not have been if he feared mob violence as he now claims. The trial court in this case directed the clerk to bring all the proceedings of the former case into court and the transcript of those proceedings showed beyond dispute that he claimed that the plea of guilty was entered solely because he wanted to protect himself and friends, and not because he feared mob violence. If mob violence had had anything to do with his entering the plea of guilty, he should have made that plea at the time he asked the court to permit him to withdraw his plea of guilty.

"The writ will not lie where the party complaining knew the fact complained of at the time of or before the trial, or by the exercise of reasonable diligence might have known, or is otherwise guilty of negligence in the matter. The court will not consider any facts which might have been presented to the court on the trial of the cause." 34 C. J. 394.

His claim of mob violence and fear for his safety are disproved in his sworn application and in his request for a trial.

It is next contended by the appellant that a writ of error *coram nobis* does not lie after appeal. Appellee calls attention to a number of cases, but they do not decide the question outright. However, numbers of cases have come to this court after the judgment was affirmed here, and this court has heard and decided such cases, thereby tacitly approving the rule that the writ will lie after the judgment is affirmed in this court. The authorities are in conflict on this question, some courts holding that, where a criminal case has been appealed and affirmed by the Supreme Court, a writ of error *coram nobis* cannot be filed in the trial court until application is made in the Supreme Court for leave to file the petition; but that rule has never been adopted by this court. *Hydrick* v. *State,* 103 Ark. 4, 145 S. W. 542; *Adler* v. *State,* 35 Ark. 517; *Sease* v. *State,* 157 Ark. 217, 247 S. W. 1036; *Kelley*

v. *State,* 156 Ark. 188, 246 S. W. 4; *Beard* v. *State,* 81 Ark. 515, 99 S. W. 837. We think, however, that the better rule is that, when a judgment has been affirmed by this court, no application for the writ of error *coram nobis* may be made to the trial court without permission to make such application has been given by this court, and hereafter this rule will be enforced.

It is contended by the appellee that setting aside the judgment of conviction is not appealable. The cases cited in support of this contention have no application here. In cases of this character the legal sufficiency of the evidence to justify the court in setting aside the judgment is a question of law, and we have many times decided that on questions of this sort, the finding of the trial court is not binding on this court like the verdict of a jury. If the setting aside of a judgment, as in this case, was not appealable, a trial court could set aside the judgment of this court where the overwhelming weight of evidence was against his finding, if there was any substantial evidence to support his finding. *St. L. I. M. & S. Ry. Co.* v. *Colman,* 97 Ark. 438, 135 S. W. 338; *Catlett* v. *Ry. Co.,* 57 Ark. 461, 21 S. W. 1062.

Moreover, if the case were not appealable, this court has held in cases like this that, where the record is all here, we will treat it as if here on *certiorari.* It is unnecessary to decide whether appeal was proper, for in any event we have the entire record before us, and will treat it as if here on *certiorari. Kelley* v. *State,* 156 Ark. 188, 246 S. W. 4.

It is next contended by the appellee that the undisputed facts of the case at bar would support no other judgment than the one rendered by the trial court. We do not agree with this contention of appellee. The facts are, as shown by the record, that after the indictment in January, 1932, appellant was at liberty without bond for about three months. He then surrendered and made bond, and was at Harrison often from that time on. He entered his plea of guilty six months after the indictment. After his plea was entered, he then filed the motion above set out, asking to be permitted to withdraw his plea of guilty

and have a trial. This motion was denied, appeal taken to this court, and the judgment of the lower court affirmed on December 4, 1933. During all this time he was at liberty and does not claim that any one ever molested him or offered any violence at all. The record also shows that six months after the indictment he filed a motion, to which he made affidavit, that the sole ground for his plea of guilty was the protection of himself and friends and the agreement that he had with the officers of the court. He contended that the officers violated their agreement in refusing to dismiss all the cases against him and his friends except this one case. This was disputed, and this question of fact was tried, and the verdict was against him. He appealed to this court, where the judgment was affirmed. There were other indictments against him, as shown by the record, indictments against his son, and against other persons who had been his employees, and his testimony was to the effect that it was to get these indictments dismissed that he pleaded guilty. There were a number of charges dismissed, it being contended by the officers that they did not agree to dismiss any charges in the other counties. We therefore think that, when the whole evidence is considered, it shows that the fear of violence had nothing to do with his plea of guilty, and that the trial court erred in setting aside the judgment.

The judgment of the trial court is therefore reversed, and the cause is dismissed.