JENKINS *v.* STATE.

4773                           265 S. W. 2d 512

Opinion on rehearing delivered March 3, 1954.

*Q. Byrum Hurst* and *Wendell O. Epperson,* for petitioner.

*Tom Gentry,* Attorney General, and *Thorp Thomas,* Assistant Attorney General, for respondent.

## OPINION, ON REHEARING

PER CURIAM. This is an original action by the appellant for leave to file a petition for writ of error *coram nobis* in the circuit court pursuant to the rule adopted by this court in *State* v. *Hudspeth,* 191 Ark. 963, 88 S. W. 2d 858. The original petition was filed February 17, 1954. At that time the date of appellant's execution had been previously extended by the Governor and set for February 19, 1954, following the affirmance of appellant's conviction of the crime of murder in the first degree by this court on October 26, 1953. Petition for rehearing on the original appeal was denied November 23, 1953.

Because of the time element involved, this court was convened in extraordinary session on February 17, 1954. After hearing argument of counsel we proceeded to an examination and consideration of the petition to which were attached a petition and affidavits previously attempted to be filed by appellant in the Garland Circuit Court. These matters were carefully considered in connection with the entire record already made and in accordance with the following general rule stated in 24 C. J. S., Criminal Law, § 1606c (1) : "An application made to the appellate court for permission to proceed in the lower court should make a full disclosure of the specific facts relied on and not merely the conclusions of the party as to the nature and effect of such facts. In the exercise of its discretion as to whether the petition for leave should be granted, the court should look to the reasonableness of the allegations of the petition and to the existence of the probability of the truth thereof, and will grant leave only when it appears the proposed attack on the judgment is meritorious."

It was noted that many of the allegations in the petition sought to be filed in the circuit court related to alleged errors of law which were fully considered and determined on the original appeal. There were other allegations in said petition relating to factual matters which were either known to appellant at the time of trial or could have been known by the exercise of reasonable diligence. In *State* v. *Hudspeth, supra,* we said: "A

writ of error *coram nobis* lies for the purpose of obtaining a review and correction of a judgment by the same court which rendered it, with respect to some error of fact, not of law, affecting the validity and regularity of the judgment. 34 C. J. 390.'' It is also well settled that the writ does not lie where the mistake of facts relied upon was known at the time of trial or could have been known by the exercise of reasonable care and diligence unless the defendant was acting under some duress such as fear of mob violence. *Bass* v. *State,* 191 Ark. 860, 88 S. W. 2d 74; *State* v. *Hudspeth, supra.* The general rule is stated as follows by the annotator in 58 A. L. R. 1286: ''The party seeking to avail himself of the remedy by a writ of error *coram nobis* must show that it was owing to no negligence on his part that the fact was not made to appear on the former trial, for if, by the exercise of all reasonable care and diligence, he could have availed himself of the fact on the former trial, the remedy should be denied him.'' In 31 Am. Jur., Judgments, § 806, it is said: ''A reason assigned for the rule is that if the applicant for the writ has knowledge of the fact, and such fact if divulged would be for his benefit, he should not be permitted to conceal it, gamble upon the issue, and, being disappointed therewith, ask the court to relieve him from the consequences of his own intentional or negligent act.''

Appellant's principal contention in the oral argument on February 17th, was based on the following allegation in paragraph II of the petition: ''That if leave and permission is granted by this court for the filing of the petition for Writ of Error *Coram Nobis,* in the Garland Circuit Court, your petitioner verily believes that he will prove that the petitioner was insane at the trial of his case in the Garland Circuit Court and was insane at the time he was convicted by the jury; this question of fact was not an issue in the trial of this cause nor was it an issue before this court on appeal and your petitioner verily believes that he is entitled to this writ and to have the question of his sanity at the time of the trial determined by jury.''

There were only four affidavits attached to the petition sought to be filed in circuit court which have any bearing on the issue of insanity. These are the affidavits of J. T. and Ruby Jenkins McClusky, Ray B. Davis, and Lester Cox. These affidavits contain statements similar to those found in the testimony of several witnesses at the original trial, to the effect that affiants were of the opinion that appellant was not normal mentally at the time of the killing or at the time of the trial because he had suffered from "spells" or "black-outs" on occasions prior to the trial. J. T. McClusky stated that appellant was not mentally capable and did not know what was going on at the trial because he then told affiant "that he planned to buy a new Ford and take a trip." Davis was of the opinion that appellant was "not mentally normal" prior to the trial because he had forgotten a debt which affiant owed him. In her affidavit, Mrs. McClusky, appellant's daughter, stated that she did not believe her father was sane at the time of the killing nor when the affidavit was made on February 13, 1954, because of "black-outs" he suffered prior to the date of the killing. Lester Cox, a close friend and business associate of the appellant, testified at great length at the original trial but gave no testimony indicating that appellant was insane. In none of the affidavits is it suggested that appellant suffered from a "spell" or "black-out" at the time of the trial.

The question of appellant's insanity at the time of the killing was submitted to the jury in instructions given on the court's own motion and other instructions requested by both the State and appellant. Although counsel for appellant stated in the oral argument on February 17th that he had the definite feeling throughout the two-day trial that there was something then wrong with appellant mentally, counsel admitted there was no formal plea made of insanity *existing at the time of the trial* and no request then made for further investigation of his mental condition by the State Hospital in accordance with Ark. Stats., §§ 43-1301, 1303, and 1305. This amounted to something less than reasonable diligence under the rule hereinbefore mentioned. Counsel also stated that

appellant's sanity since his confinement in the Penitentiary awaiting execution had been inquired into under the provisions of Ark. Stats., § 43-2622, resulting in a finding of sanity. The same finding had been made as to appellant's sanity at the time of the commission of the offense prior to the trial when appellant was committed to the State Hospital upon the joint petition of appellant and the State.

We have also held that where there is a suggestion of the present insanity of the accused at the time of his trial, the failure of the trial court to then institute an inquiry into that question must be corrected, if erroneous, by appeal or writ of error and not by writ of error *coram nobis*. *Kelley* v. *State,* 156 Ark. 188, 246 S. W. 4; *Scase* v. *State,* 157 Ark. 217, 247 S. W. 1036.

Even if we assume that counsel acted with due diligence in failing to ask for an inquiry into appellant's present sanity at the time of the trial or before sentence, we reach the conclusion that the supporting affidavits fail to disclose sufficient specific facts to warrant the conclusions of the affiants. The meager facts stated are woefully insufficient to sustain the conclusions of insanity alleged and the attack made on the judgment is, therefore, lacking in merit.

In the petition sought to be filed in the circuit court there were also allegations about the jurors; but these allegations were either unsupported by affidavits or failed to show that such allegations refer to facts which could not have been discovered by the exercise of reasonable diligence within the time for filing a motion for new trial prior to the original appeal.

On this petition for rehearing appellant's principal contention is that a denial of his petition amounts to a denial of due process of law under the U. S. Constitution. The United States Supreme Court held to the contrary in the case of *Taylor* v. *Alabama,* 335 U. S. 252, 68 S. Ct. 1415, 92 L. Ed. 1935, under circumstances more favorable to the defendant than those in the instant case.

The petition for rehearing is denied.

Justice ROBINSON dissents.