MITCHELL v. STATE.

4950                                    354 S. W. 2d 557

Opinion delivered March 5, 1962.

*C. C. Mercer, Jr.,* for petitioner.

*Frank Holt,* Attorney General, by *Thorp Thomas,* Asst. Attorney General, for respondent.

E<small>D</small>. F. McF<small>ADDIN</small>, Associate Justice. This is an original application filed in this Court for permission to file a Writ of Error *Coram Nobis* in the Union Circuit Court for inquiry as to Mitchell's sanity at the time he was tried and convicted in that Court.[1]

Ths is the fourth time this man Lonnie Mitchell has been in litigation in this Court. The first case was *Mitchell* v. *State* (Case No. 4950, decided September 21, 1959), 230 Ark. 894, 327 S. W. 2d 384, in which we affirmed the conviction of Mitchell for rape. The second case was *Mitchell* v. *State* (Case No. 4984, decided September 12, 1960), 232 Ark. 371, 337 S. W. 2d 663, in which we held that the Circuit Court of Union County had no jurisdiction to hear a Motion to Vacate the Judgment of Conviction in the first case, since this Court had not reinvested the Circuit Court with such jurisdiction. The third case was *Mitchell* v. *State ex rel Henslee* (Case No. 5-2328, decided May 8, 1961), 233 Ark. 578, 346 S. W. 2d 201, in which we affirmed the judgment of the Circuit Court of Jefferson County which had dismissed Mitchell's Petition for Writ of *Habeas Corpus*.

The present (fourth) case was filed in this Court on July 3, 1961, and is an ''Application for Permission to File Petition for Writ of Error *Coram Nobis*.'' This application is filed in this Court because we affirmed the first case, thereby acquiring jurisdiction; and the Circuit Court cannot hear a Writ of Error *Coram Nobis* in a case appealed to this Court until we grant such permission. *Hudspeth* v. *State,* 191 Ark. 963, 88 S. W. 2d 858. The said application filed herein by the attorneys[2] for Mitchell alleges:

---

[1] The petition also contains allegations that he is presently insane; but those allegations should be considered in a proceeding under § 43-2622 and not by Writ of Error *Coram Nobis*.

[2] If Mitchell is presently insane, as the application alleges, then the proceedings should probably be by a next friend for him, as was done in *Hydrick* v. *State,* 104 Ark. 43, 148 S. W. 541; but we treat Mitchell's present attorneys as his next friends in order to reach the petition without further delay.

"2. Petitioner avers and verily believes that he was insane at the time of the commission of the offense for which he is now convicted.

"3. Petitioner avers and verily believes that not only was he insane at the time of the crime for which he was convicted and is now committed, but that he was insane at the time of the trial wherein he was convicted and sentenced to death, and further that he is presently insane.

"4. Petitioner did not have a mental examination prior to his trial, and has been repeatedly refused permission to have a private psychiatrist examine him, and Petitioner honestly feels that a mental examination by a private psychiatrist is absolutely necessary so as to afford appellant an opportunity to be heard.

"5. Petitioner's insanity was not known at the time of the trial,[1] and such fact was not then suggested,[2] or raised in issue by either of the parties hereto; Petitioner avers that he did not have the mental capacity to so apprise the trial court of his mental condition.

"6. That no other remedy is available to Petitioner to review and inquire into the question of his insanity at the time that the crime was committed, and also as to his insanity at the time of the trial, except the remedy as provided by a writ of error *coram nobis*."

In *Jenkins* v. *State*, 223 Ark. 245, 265 S. W. 2d 512, we held that we would not grant permission to file a Writ of Error *Coram Nobis* to inquire into the accused's sanity at the time of the offense or at the time of the trial when the record on which we affirmed the conviction showed that the accused's sanity was a matter considered at the trial when he was convicted. But we have repeatedly held, as stated in *Hydrick* v. *State*, 104 Ark. 43, 148 S. W. 541:

"This court has repeatedly held that after the expiration of the term at which a judgment of conviction was rendered, the court may, upon proper showing of insanity of the accused at the time of the trial, which was

not suggested at the trial issue the writ of error *coram nobis* for the purpose of inquiring into that question, . . ."[3]

In 24 C. J. S. p. 149, "Criminal Law" § 1606, cases are cited to sustain this textual statement:

"Insanity. Where, after the expiration of a term it appears that the accused was insane at the time of the trial, which was not then known, then writ may be used to set aside and vacate the judgment."

We have carefully checked the record in the first case (*i. e.*, the original trial and conviction of Mitchell); and in that trial there was no mention, suggestion, or intimation of Mitchell's insanity at the time of the offense or at the time of the trial. The present application is unverified and is not supported by any affidavits; and we were on the verge of denying it as not filed in good faith, until Mitchell's attorneys filed in this Court on November 13, 1961, their motion to require the Superintendent of the Arkansas State Penitentiary to permit Mitchell to be examined by a private psychiatrist. The motion alleges in part:

"2. That the petitioner, through his attorneys, has on several occasions requested permission of the Superintendent of the Arkansas State Penitentiary, the aforesaid Lee Henslee, to have the Petitioner examined by a private psychiatrist but in each instance these requests have been denied[4] by the said Lee Henslee: the requests

---

[3] For subsequent cases see *Hodges* v. *State*, 111 Ark. 22, 163 S. W. 506; *Cunningham* v. *State*, 149 Ark. 336, 232 S. W. 425; *Kelley* v. *State*, 156 Ark. 188, 246 S. W. 4; *Sease* v. *State*, 157 Ark. 217, 247 S. W. 1036; and *Hardwick* v. *State*, 220 Ark. 464, 248 S. W. 2d 377; *Black* v. *State*, 216 Ark. 805, 227 S. W. 2d 629; and *Leggett* v. *State*, 231 Ark. 13, 328 S. W. 2d 252. There are also annotations in 10 A.L.R. 213, 30 A.L.R. 1416, and 145 A.L.R. 818.

[4] This statement in the said motion is misleading. The petitioner may not have been examined by a private psychiatrist, but he was examined by the Staff of the State Hospital pursuant to law and there is in the files in this case a four-page report, dated January 5, 1960, which discloses that Mitchell was examined by the Staff of the State Hospital and found "without psychosis." This report recites that the examination was made because one of Mitchell's present attorneys requested the Superintendent of the Penitentiary to have Mitchell **examined.**

have extended over a period of more than a year and a half.

"3. That the petitioner, through his attorneys, has retained the services of a private psychiatrist to perform the examination, which services have been on a retainer all during the period that the requests have been made, but that no examination has been given because permission has been refused by the Superintendent of the Arkansas State Penitentiary, the said Lee Henslee; that the private psychiatrist is ready, willing and able to perform the examination at any time that permission is granted."

When the said motion was filed in this Court on November 13, 1961, proper arrangements were made and Mitchell was examined by a private psychiatrist chosen by said attorneys; and they filed in this Court on February 5, 1962, the eight-page report of Dr. Elizabeth Fletcher as the private psychiatrist selected by Mitchell's attorneys to examine him. It is a single-spaced document covering two examinations of Mitchell made by said psychiatrist: one interview was on January 20, 1962, and the other was on January 29, 1962; and the report reflects collaboration with another psychiatrist. Dr. Fletcher's report concludes that Mitchell is without psychosis: "It is felt that he is competent and knows right from wrong." There is nothing in the report that tends in any way to show that Mitchell was insane, either at the time of the commission of the offense, or at the time of his original trial, or at any other time. A careful perusal of the report convinces us that Mitchell was sane at all times.

The report of Dr. Elizabeth Fletcher is the only material of any kind tendered by the petitioner and his attorneys and, as aforesaid, this report tends to negative all of the allegations in the original motion filed herein on July 3, 1961. In *Jenkins* v. *State*, 223 Ark. 245, 265 S. W. 2d 512, in denying a motion for leave to file a petition for writ of error *coram nobis,* we said: ". . . we reach the conclusion that the supporting affidavits fail

to disclose sufficient facts to warrant the conclusions of the affiants. The meager facts stated are woefully insufficient to sustain the conclusions of insanity alleged; and the attack made on the judgment is therefore lacking in merit." In the case at bar, there is absolutely no evidence to support the allegations made in the application for permission to file a petition for writ of error *coram nobis;* and the leave to file said petition is hereby denied.