LONNIE B. MITCHELL v. O. E. BISHOP

5346                                                435 S.W. 2d 91

Opinion Delivered December 23, 1968
[Rehearing denied January 20, 1969.]

*McMath, Leatherman, Woods & Youngdahl* and
*John P. Sizemore* and *Gaughan, Laney, Barnes & Roberts* and *Rafael Guzman* (of Counsel) for appellant.

*Joe Purcell,* Atty. Gen.; *Don Langston,* Asst. Atty.
Gen. for appellee.

J. FRED JONES, Justice.    This case presents an excellent example of the inadequacy of the judicial machinery in our dual court system for final disposition of a criminal case where a confession is used in evidence against the one who makes it, and under modern interpretation and concepts of the due process clauses of Amendments 5 and 14 of our Constitution.    The question now before this court, and one which we anticipate will be here again, is whether a confession made by Lonnie Mitchell, more than nine years ago, was voluntarily made without coercion.

The appellant, Lonnie Mitchell, was convicted of the crime of rape in Union County, Arkansas, in March 1959, and sentenced to death by electrocution.    He admitted the rape in a recorded confession, the recording was played to the jury at his trial, and upon appeal to this court the conviction was affirmed.    (*Mitchell* v.

*State,* 230 Ark. 894, 327 S.W. 2d 384.) The appellant then filed a petition for writ of habeas corpus in the Jefferson County Circuit Court, the application was dismissed and was affirmed by this court on appeal. (*Mitchell* v. *State, ex rel Henslee,* 233 Ark. 578, 346 S.W. 2d 201.) Appellant then filed an original application with this court for permission to file a petition for a writ of error coram nobis in the trial court relative to his sanity at the time of the trial. This application was denied. (*Mitchell* v. *State,* 234 Ark. 762, 354 S.W. 2d 557.) Appellant then instituted habeas corpus proceedings in forma pauperis in the U. S. District Court for the Eastern District of Arkansas and the petition was denied on the grounds that he had not exhausted his state remedies. (*Mitchell* v. *Henslee,* 208 Fed. Supp. 533.) An appeal was taken to the U. S. Court of Appeals, Eighth Circuit, from the order of the District Court denying the petition, and the Eighth Circuit Court of Appeals reversed the District Court. (332 Fed. 2d 16.) On remand to the District Court, hearing was had in which appellant testified and the District Court filed an opinion in support of its conclusions denying the petition. (*Mitchell* v. *Stephens,* 232 Fed. Supp. 497.) Appellant again appealed from that decision to the Eighth Circuit Court of Appeals and argued five points for reversal.

In a thorough, analytical opinion, the Eighth Circuit Court of Appeals took up and disposed of each of the points raised by the appellant in their proper order. The Eighth Circuit Court of Appeals disagreed, however, with the District Court's conclusions that the appellant effectively waived the question of coercion in connection with his confession by not raising that question at his state trial, and the court summarized and concluded its holding as follows:

"In summary, therefore, on the confession point, we hold that this record does not establish involuntariness as a matter of law or that Mitchell

effectively waived the issue of coercion; that the District Court's determination that the defense claim as to the absence of assistance of counsel has no substance is adequately supported by the record; but that, under *Jackson* v. *Denno,* Mitchell is entitled to an independent state court determination as to the voluntariness of his confession.

The order of the District Court dismissing the petition for a writ of habeas corpus is reversed and the case is remanded with directions to grant the state of Arkansas a reasonable time to afford Mitchell an appropriate hearing on the issues of voluntariness of his rape confession or, in the alternative, a new trial.''    (353 F. 2d 129.)

The Eighth Circuit Court of Appeals held that:

''. . . [U]nder *Jackson* v. *Denno,* Mitchell is entited to an independent state court determination as to the voluntariness of his confession.''

In commenting on Mitchell's contention in the federal court, that his court appointed attorney failed to present his defense of coercion, the court of appeals at page 145 of the Federal Report said:

''It is to be observed again that as to some of these facts there is sharp conflict in the evidence. Thomas and others testified of free access to Mitchell and of frequent consultations.    It is true that the coercion issue was not raised and its existence was even specifically denied by counsel during the trial.    But if Mr. Thomas' testimony is to be accepted, this was a matter of definite and deep concern to him.    He reviewed it with Mitchell, but he was given no material with which to work.    *In any event, it is before the court now and Mitchell, as we have held above, is to have his day in court on this claim and must make his case if he can.''*

(Emphasis supplied.)

Upon remand to the Union County Circuit Court, the appellant was afforded an open court hearing before Judge Crumpler on April 25, 1967, and the appellant was present in court with his parents and his attorney at this hearing.

At the hearing afforded the appellant on April 25, 1967, the appellant's attorney and the state's attorney agreed to submit the matter to the trial judge on the records already made in the state and federal courts. The attorneys waived oral arguments, both sides submitted briefs, and with the exception of Sheriff Bishop's short addition to his previous testimony, as to attorney Thomas visiting the appellant in jail, no additional evidence was offered by the state and no additional evidence at all was offered by the appellant. The trial judge, of necessity, made his findings of fact and conclusions of law from the records before him, which were the same records that were before the circuit court of appeals when that court remanded the case with directions to *afford Mitchell an appropriate hearing* on the issue of voluntariness of his rape confession or, in the alternative, a new trial.

Following the hearing on April 25, 1967, and the submission of briefs on July 14, 1967, the state trial court filed its findings of fact and conclusions of law on December 7, 1967, and entered judgment holding that the confession of the appellant was voluntary and made of his own free will. The appellant again filed a motion for a new trial which was denied by the trial court. He has again appealed to this court and directs his argument primarily to the denial of his motion for a new trial.

Appellant argues rather sharply, that the trial court considered extraneous and prejudicial evidence, not concerned with the confession, in reaching its decision, and appellant argues that he has in fact not been afforded a hearing on the voluntariness of his rape confession. We

do not gather such inferences from the record before us. We conclude from the record before us, including the trial court's findings, that an appropriate and adequate hearing was afforded Mitchell on the voluntariness of his rape confession, but that no material evidence was offered by the state at that hearing *and none at all* was offered by the appellant.

The Circuit Court of Appeals set out in its opinion the entire proceedings of the hearing in chambers at the state court trial, and as related to the voluntariness of the confession, the court of appeals considered the hearing in the light of *Jackson* v. *Denno,* 378 U. S. 368, 84 S. Ct. 1774, 12 L. Ed. 2d 908, and on this point reached the following conclusion:

"... [W]e are almost persuaded that Denno has no application here and that, if it has, its requirement has been met. However, in the light of facts, as they are now asserted and disputed at this late hour, we are not so completely satisfied about the fulfillment of Denno's standards that we possess, to a realistic certainty, a sense of sureness as to the Supreme Court's attitude. This is, after all, a case of ultimate consequence to Mitchell.

... If an independent state determination of the issue of voluntariness had not been made by the judge or by a jury distinct from the trial jury itself, see footnote 19 in *Jackson* v. *Denno,* p. 391 of 378 U.S., 84 S. Ct. 1774, then Mitchell is entitled at least to his hearing. Because of a mild doubt on our part, we remand. The eventual result may or may not be the same. But all will then know that the rule of Denno will have been satisfied and that Mitchell's constitutional rights will have been clearly protected."

In the absence of additional evidence before the trial court on remand, the trial court had the duty of

weighing *all* the evidence in the records before him pertaining to the voluntariness of the confession, and in doing so the credibility of *all* the the testimony of all the witnesses, including the appellant's own testimony as to coercion, should be weighed, considered and evaluated. From the trial court's findings of fact and conclusions of law in the record before us, we are unable to determine what weight Judge Crumpler gave to the evidence in the records before him.    The record indicates the possibility that Judge Crumpler may have given undue weight to the record of chamber proceedings had at the original trial and that in considering this case in the light of the "orthodox" or Massachusetts rule approved and set out in footnote 8 to *Jackson* v. *Denno,* he may have concluded that *Jackson* v. *Denno* did not apply or had been fully complied with at the original trial.    If Judge Crumpler did so consider the chamber proceedings at the original trial, that was the precise point upon which the Eighth Circuit Court of Appeals did not agree when it directed a remand of this case with instructions to afford the appellant a hearing on the voluntariness of his confession.

We find two sentences in the trial court's findings of fact which are not at all clear to us in the light of the entire record in this case.    These two sentences are as follows:

"There is absolutely no evidence of coercion, threat, abuse, enticement or promise of reward whatsoever, but on the contrary, overwhelming evidence shows that such statement was given voluntarily.

It is without contradiction that this Petitioner was informed and apprised of his Constitutional right of self-incrimination of a minimum of five times in addition to advice and counseling on this subject with his attorney."

We are quite sure that the trial court did not overlook, or intend to ignore, the appellant's own testimony on these points. As a matter of fact there is evidence of coercion, threat and abuse in this case, and there is contradition that the appellant was informed and apprised of his constitutional rights. The evidence of coercion, threats and abuse, as well as the contradictions, comes from appellant's own testimony. While the evidence as to coercion, threats, abuse and intimidation going to the voluntary nature of appellant's confession, is the primary issue involved, the appellant's own testimony should be weighed on the same scale with the other testimony in this case.

Notwithstanding the procedure we followed in *Harris* v. *State*, 244 Ark. 314, 425 S.W. 2d 293, we are of the opinion that this case should be remanded to the trial court for a rehearing or re-examination and re-evaluation of *all the evidence* pertaining to the voluntariness of appellant's confession.

Remanded for further procedure.

BYRD, J., not participating.