Roy Raymond JOHNSON *v.* STATE of Arkansas

5461                                          450 S. W. 2d 564

Opinion delivered March 2, 1970

*Harold L. King,* for appellant.

*Joe Purcell,* Attorney General; *Don Langston,* Asst.

Atty. Gen., for appellee.

FRANK HOLT, Justice. Appellant was sentenced in 1963 to life imprisonment for the crime of rape. Pursuant to our Criminal Procedure Rule No. 1 appellant, through court appointed counsel, has now petitioned the trial court to vacate his life sentence. In written findings of fact and conclusions of law the court denied the petition.

Appellant contends that his incriminating oral admissions were involuntary and, therefore, were inadmissible in evidence. Appellant testified that his admissions were coerced by physical abuse from some of the arresting officers who told him that he must confess, "whether I did it or not." He claims that he was held four or five days before he confessed and was denied the use of a telephone to call counsel. Appellant maintains he did not commit the alleged offense. The state presented evidence that appellant was arrested at approximately 1 a.m. on October 25, 1962, and placed in the city jail. At approximately 3 p.m. that day the case was assigned to two officers when they reported for duty. According to them, they spent the afternoon investigating the case which included interrogating appellant who denied any complicity in the alleged offense. With consent of appellant and his accomplice, the officers spent several hours searching their respective homes and interviewing witnesses. About 8 p.m. that evening the officers received a radio message from the jail that the appellant and his accomplice had asked to talk with them. These officers testified that the appellant made an oral confession which was introduced in evidence at appellant's trial. The officers denied that appellant was subjected to any physical abuse by them or anyone else to their knowledge and that the appellant exhibited no evidence of abuse nor made any complaint to them. One of the officers testified that appellant was permitted to use the telephone before making any admissions. There was no testimony elicited as to the right of the appellant to remain silent, or that any statement he

made could be used for or against him, or that he was informed of his rights as to counsel.

In its findings the court correctly stated that the required Miranda warning was not in effect at the time the appellant made his alleged confession. The procedural safeguards underlying the privilege against self-incrimination enunciated in *Miranda* v. *Arizona,* 384 U. S. 436 (1966) are not retroactive. *Gross* v. *State,* 246 Ark. 909, 440 S. W. 2d 543 (1969).

The court further found there was sufficient evidence to convict the appellant without the confession. Even so, the admission of an involuntary confession is considered prejudicial and reversible error although there is other evidence which is sufficient to sustain a verdict. *Haynes* v. *Washington,* 373 U. S. 503 (1963). Therefore, this finding is inapplicable to the voluntariness of appellant's statements.

The trial court also found that the records of the officers in the present proceeding indicate that the confession was valid according to the rules of evidence obtaining at that time. We do not construe this finding as being sufficiently clear and definite. It is our duty as an appellate court to examine the entire record of the proceedings and make an independent determination of the issue of voluntariness of the confession since it is disputed on federal constitutional grounds. *Harris* v. *State,* 244 Ark. 314, 425 S. W. 2d 293 (1968). There we recognized that the findings of the trial court, while not controlling, are accorded considerable weight in resolving evidentiary conflicts. It appears from our review of the record that there is no evidence the appellant was at any time advised of his rights with respect to silence, counsel, and his privilege against self-incrimination. Although these factors are not necessarily controlling, they are, however, significant in the evaluation of voluntary statements. *Haynes* v. *Washington, supra; Davis* v. *North Carolina,* 384 U. S. 737 (1966). In *Harris* v. *State, supra,* we said:

"The prerequisites for the admission in evidence of any statements made by a defendant when he is in custody of officers are found in *Boyd and Byrd* v. *State,* 230 Ark. 991, 328 S. W. 2d 122 (1959). There is a presumption that it is involuntary; and the burden is on the State to show the statement to have been voluntary, that is, freely and understandably made without hope of reward or fear of punishment. In making those determinations the court looks 'to the whole situation and surroundings of the accused.'"

Because of the indefiniteness of the finding as heretofore mentioned, we remand to the trial court for either a supplemental hearing or a re-examination and re-evaluation of the present evidence and a more specific and definitive finding that the oral admissions were or were not voluntary. This was the procedure we authorized in *Mitchell* v. *Bishop,* 245 Ark. 899, 435 S. W. 2d 91 (1968).

Upon a review of the entire record we find no merit in the other contentions argued by the appellant.

Remanded for proceedings consistent with this opinion.