Ernest Dewayne LEMONS *v.* STATE of Arkansas
CR 91-108                                                814 S.W.2d 559
Supreme Court of Arkansas
Opinion delivered September 16, 1991

*Daniel D. Becker*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Pamela Rumpz*, Asst. Att'y Gen., for appellee.

PER CURIAM. Appellant, who was already on probation, was charged with the murder of Mr. Stephens. Appellant's probation was revoked, and appellant appealed. The parties have submitted their briefs, and the case awaits submission.

After appellant's probation was revoked, he was tried on the murder charge, and at the close of the state's case, the state moved for dismissal, which was granted. The state's request for dismissal was prompted by its witness's (Dr. Fahmy Malak's) testimony that Stephens had died from a gun shot close to the head. Other state witnesses presented conflicting testimony to the effect that Stephens had been shot from a distance.

After dismissal of the murder charges, appellant seeks to supplement the record in his revocation appeal with Dr. Fahmy Malak's trial testimony even though such testimony was given nearly six months after the revocation hearing. The state objects to such supplementation, but alternatively requests that it, too,

should be allowed to supplement the record with pathology expert reports that conflict with Malak's testimony.

Because this court's role is not one of factfinding, we are in no position to determine what effect any of the proffered testimony might have had on the trial court when it revoked appellant's probation. The trial court did not have benefit of what has transpired since its revocation decision and because we have not, as yet, decided this matter on the original record, we remand this cause to the trial court for a rehearing or reexamination and re-evaluation of all relevant evidence. *See Johnson v. State*, 248 Ark. 184, 450 S.W.2d 564 (1970); *Mitchell* v. *Bishop,* 245 Ark. 899, 435 S.W.2d 91 (1968); *see also,* 24B C.J.S. *Criminal Law* § 1943 (1962).