Ex parte O'Neal

Crim. 3971

Opinion delivered November 18, 1935.

*Howard Hasting,* for petitioner.

*Carl E. Bailey,* Attorney General, and *Guy E. Williams* and *J. F. Koone, Assistants,* for respondent.

Per Curiam. This is an original proceeding in this court by which is sought to quash a judgment of the Jackson Circuit Court, made and entered on September 21, 1928, in which judgment petitioner was adjudged guilty of murder in the first degree and sentenced by the court to serve the balance of his natural life in the State penitentiary. The record in the Jackson Circuit Court is brought before us by stipulation of counsel which dispensed with the necessity for formal issuance of a writ of certiorari. In aid of petitioner's proceeding we are also asked to issue a writ of habeas corpus by which petitioner's body may be brought before this court to be dealt with according to law. The judgment of the circuit court of Jackson County under which petitioner is confined in the State penitentiary is as follows:

"On this day comes the State of Arkansas by its attorney, H. U. Williamson, and comes the defendant in

person, and by attorney, and by leave of the court enters his plea of guilty to the crime of murder in the first degree as charged in the indictment herein, and submits his case to the court sitting as a jury, and, the premises being seen and by the court fully understood, it is by the court considered, ordered, and adjudged that said defendant, upon his plea of guilty is guilty of the crime as charged and doth fix his punishment for the duration of his natural life. And it further appearing to the court that said defendant is without means with which to pay the costs of the prosecution of this cause, it is considered, ordered, and adjudged by the court that the county of Jackson pay all costs herein expended.''

Petitioner relies upon Ex parte *Jones,* 27 Ark. 349, as authority for this proceeding. In the case referred to this court entertained jurisdiction in habeas corpus as an original proceeding, and in aid thereof quashed a judgment of an inferior court sentencing petitioner to a term in the State penitentiary because, as it was there said, the judgment under which the petitioner was detained was void. The facts in the Jones case, *supra,* were that petitioner was confined in the State penitentiary under a judgment entered by the Sebastian County Circuit Court while in session at Fort Smith, which time and place of sitting of said court were not authorized by law. This court there said: ''In the case at bar, the judge was clothed with no judicial authority; there was no court, consequently no judgment.'' In the more recent case of *State ex rel.* v. *Neel,* 48 Ark. 283, 3 S. W. 631, we stated the applicable rule as follows: ''If the person restrained of his liberty is in custody under process, nothing will be inquired into, by virtue of the writ, beyond the validity of the process upon its face, and the jurisdiction of the court by which it was issued. If he be detained under a conviction and sentence by a court having jurisdiction of the cause, no relief can be given by habeas corpus, the general rule being that a conviction and sentence by a court of competent jurisdiction is lawful cause of imprisonment.''

The rule as thus stated has the approval of the Supreme Court of the United States. See Ex parte *Siebold,* 100 U. S. 375; Ex parte *Yarbrough,* 110 U. S. 651.

When appellant's rights are measured by the rule heretofore stated, he is entitled to no relief in this proceeding. By § 11 of article 7 of the Constitution of 1874, circuit courts are created, and by § 45 of the same article the jurisdiction of all criminal proceedings are vested in them. It is plain therefore from the Constitution and laws of this State, that the circuit courts are given exclusive jurisdiction to try and determine all felony cases, and it necessarily follows from this that the circuit courts have the exclusive jurisdiction to try, hear and determine the guilt or innocence of any one charged with a felony under the laws of this State. If this be true, and it must be so conceded, then the Jackson County Circuit Court had jurisdiction to try, hear and determine petitioner's guilt or innocence in the murder charge pending against him. But petitioner's insistence seems to be that the Jackson County Circuit Court erroneously exercised the jurisdiction conferred in failing to impanel a jury to determine the degree of homicide of which he was guilty. Granting that this is true, it does not follow that the judgment is void upon its face. Erroneous judgments are not necessarily void judgments. If the court in which the erroneous judgment is entered has jurisdiction of the subject-matter and the parties thereto, such judgment is voidable, but not void, 33 C. J. 1078, § 39; 15 R. C. L. 835, § 310. The circuit court of Jackson County had jurisdiction of the subject-matter, and of the person of the petitioner, and the judgment entered, though it may be erroneous, is not void, and its validity can only be brought in question by appeal or writ of error. *Lancaster* v. *State,* 71 Ark. 100, 71 S. W. 251.

The writ of habeas corpus is therefore denied.