STATE EX REL. PROSECUTING ATTORNEY *v.* BALL.

Criminal 4028

Opinion delivered May 31, 1937.

*Jack Holt,* Attorney General, and *John P. Streepey,* Assistant, and *Claude M. Erwin, Jr.,* for appellant.

*Fred M. Pickens,* for appellee.

HUMPHREYS, J. On the second day of September, 1936, Ernest Ball was arrested and brought before R. L. Faulkner, a justice of the peace, within and for Village township, in Jackson county, upon a charge of malicious mischief for maliciously and wantonly killing eleven hogs, the property of Sol. W. Sullins. After his arrest eleven charges instead of one were preferred against him by the prosecuting attorney and, for the purposes of trial, the eleven charges were consolidated. After hearing the evidence the justice of the peace found him guilty on each charge and entered eleven judgments of conviction against him, imposing a fine of $20, together with dam-

ages, threefold, for the hog to which the judgment related, together with costs. At the conclusion of the trial Ernest Ball asked the justice of the peace to fix the amount of an appeal bond to the circuit court which was fixed at $100 in each case. Not having paid the judgments or given the appeal bonds, on November 5 thereafter, the justice of the peace issued a commitment upon each of the aforesaid judgments ordering the constable of said Village township to demand payment thereof, and in default of payment to take the said Ernest Ball into custody and forthwith deliver him to the jailer of Jackson county, to be by him imprisoned in the manner provided by law until said fines, damages and costs were paid, or until otherwise discharged by law. The constable delivered Ernest Ball to the sheriff and ex-officio jailer under said commitments. On the seventh day of November thereafter, Ernest Ball applied to the county judge, the circuit judge and chancery judge being absent from the county, for a writ of *habeas corpus* and obtained a writ directed to the sheriff and ex-officio jailer to bring Ernest Ball before him and to state by what authority he was being held in jail. The sheriff and ex-officio jailer produced Ernest Ball on the return day of the writ and filed a response alleging that he was restraining him under eleven warrants of commitment issued upon the judgments of conviction of eleven misdemeanors, by a court of competent jurisdiction which commitments were regular upon their face. The commitments were attached to the response.

Upon a hearing of the matter, the county judge held that the eleven warrants of commitment were void for want, in the said justice court, of jurisdiction of the person of the said Ernest Ball; and ordered that the said Ernest Ball be discharged from custody under said warrants of commitment and held under bail in the amount of $1,000 to await trial anew before said justice for the crimes charged against him.

The prosecuting attorney then applied to the circuit judge in vacation and again to the circuit court in term time for a writ of certiorari to bring up and quash the

proceedings before the county judge. Upon hearing, the circuit court denied the writ, from which is this appeal.

A summing up of the proceedings in this case, gleaned from the face of the record, is that Ernest Ball was tried for eleven separate misdemeanors before a justice of the peace who had jurisdiction of the crimes charged, as well as the person of Ernest Ball, and was committed to jail for failure to pay the fines after his time to appeal the cases had expired. Instead of perfecting his appeals to the circuit court, he applied for, and obtained, a writ of *habeas corpus* from the county judge to obtain his release. The county judge had no jurisdiction to inquire into or to correct errors committed in the trial of the cases before the justice of the peace, but was limited to an inquiry into the validity of the warrants of commitment and the jurisdiction of the court that issued them.

*State, ex rel. Arkansas Industrial Co.,* v. *Neel,* 48 Ark. 283, 3 S. W. 631; *State* v. *Martineau,* 149 Ark. 237, 232 S. W. 609; Ex Parte *O'Neal,* 191 Ark. 696, 87 S. W. (2d) 401. The justice of the peace had jurisdiction to try the crimes charged against Ernest Ball and jurisdiction over his person as above stated. He had been brought into court on a warrant on the charge of maliciously killing eleven hogs and eleven charges instead of one were preferred against him. The warrants of commitment were regular on their face. The county judge exceeded his jurisdiction in discharging Ernest Ball and requiring him to give bond to appear before the justice of the peace for a new trial of the cases, which action on the part of the county judge was and is subject to review by the circuit court on writ of certiorari. Ex Parte *Dame,* 162 Ark. 382, 259 S. W. 754. The circuit court should have entertained the application of the prosecuting attorney for a writ of certiorari, and should have quashed the *habeas corpus* proceedings before the county court.

On account of the error indicated, the judgment is reversed, and the cause is remanded with instructions to the circuit court to quash the proceedings before the county judge.