GOODMAN *v.* STOREY, SHERIFF.

4716                                                    254 S. W. 2d 63

Opinion delivered December 8, 1952.

Rehearing denied January 12, 1953.

*Ivan Williamson & Ben B. Williamson,* for appellant.

*Ike Murry,* Attorney General, and *Wm. M. Moorhead,* Assistant Attorney General, for appellee.

ROBINSON, Justice. Petitioner seeks to review the action of the trial court in refusing his release from prison on a petition for a writ of *habeas corpus*. He was charged in a justice of the peace court with illegal co-habitation and also "selling intoxicating liquors in a dry territory. Section 48-912." The defendant was represented by counsel, and there was a plea of guilty to both charges. A fine of $100 and costs was assessed, but suspended on the illegal co-habitation charge, and a fine of $100 and costs, and a suspended six month jail sentence, were imposed on the liquor selling charge. Later, petitioner got into further trouble, and the suspended sentences were revoked. He then filed a petition for a writ of *habeas corpus* in circuit court, seeking his release from prison.

It is not necessary at this time to discuss the authority, or lack of authority, of the justice of the peace to suspend any part of the sentences.

It is the contention of petitioner that he was charged with selling liquor in a dry territory and that the penalty, as provided by Ark. Stats., § 48-803, applies but that no jail sentence can be assessed for a first offense under that section, and, furthermore, that he has paid the fines and costs assessed against him. It developed at the hearing in the *habeas corpus* proceedings in circuit court that the petitioner had paid the fine in the liquor case and the costs in both cases, but the fine in the alleged co-habitation case had not been paid. Moreover, he was not committed to jail until July 5th and filed a petition for *habeas corpus* July 11th, hence he could have served only a few days of the six months jail sentence.

The liquor charge, as it appears on the docket of the justice of the peace, is as follows: "selling intoxicating liquor in a dry territory, Section 48-912." Section 48-912 obviously refers to that section of Ark. Stats. which provides: "Any person who shall sell, barter, exchange or give any intoxicating alcoholic liquor without having a valid license as provided by this act . . . shall, in addition to losing his license, be deemed guilty

of a misdemeanor and, upon conviction, shall be fined not less than fifty ($50.00) dollars, nor more than five hundred ($500.00) dollars, or imprisoned for not exceeding six (6) months, or both so fined and imprisoned in the discretion of the court or jury." At the time of the plea of guilty, a penalty authorized by § 48-912, was imposed. The court had jurisdiction to assess a penalty under either § 48-803 or § 48-912; and the court had jurisdiction of the defendant. If the justice of the peace imposed a sentence authorized by § 48-912, and the defendant claimed he pleaded guilty to a charge for which § 48-803 was the penalty, the remedy was by appeal; but the defendant did not appeal.

In the case of *Ex parte O'Neil,* 191 Ark. 696, 87 S. W. 2d 401, the defendant pleaded guilty to murder in the first degree and, without empaneling a jury to assess the penalty, as provided by statute in such cases, the court sentenced the defendant to life in the penitentiary. The defendant attempted to set aside the judgment in a *habeas corpus* proceeding. In denying the petitioner the relief he sought, this court said: "Erroneous judgments are not necessarily void judgments. If the court in which the erroneous judgment is entered has jurisdiction of the subject-matter and the parties thereto, such judgment is voidable, but not void, 33 C. J. 1078, § 39, 15 R. C. L. 835, § 310. The circuit court of Jackson County had jurisdiction of the subject-matter, and of the person of the petitioner, and the judgment entered, though it may be erroneous, is not void, and its validity can only be brought in question by appeal or writ of error."

In *Lancaster* v. *State,* 71 Ark. 100, 71 S. W. 251, defendant pleaded guilty to an indictment charging murder in the first degree and was sentenced by the court to be hanged. The judgment was set aside by bringing the cause to this court by writ of error and not by a *habeas corpus* proceeding.

In Brandon, *Ex parte,* 49 Ark. 143, 4 S. W. 452, the court said: ". . . an application for *habeas corpus* cannot be made to perform the function of an appeal, or

writ of error, in correcting errors and irregularities at the trial. To authorize the judge of the superior court to interfere and discharge a convicted prisoner in this summary fashion, the sentence must be a nullity, or the court which imposed it must have been without jurisdiction."

In the case at bar the justice of the peace had jurisdiction and the sentence was not a nullity.

Affirmed.

Mr. Justice WARD dissents.