MITCHELL v. STATE.

4950                                                    327 S. W. 2d 384

Opinion Delivered September 21, 1959.

*J. S. Thomas,* for appellant.

*Bruce Bennett,* Atty. General; by: *Bill J. Davis,* Asst. Atty. General, for appellee.

SAM ROBINSON, Associate Justice. The appellant, a Negro 23 years of age, was convicted of raping a crippled white woman 77 years of age. The jury returned a verdict of guilty and fixed the punishment at death by electrocution. The overwhelming and uncontradicted evidence proves appellant guilty beyond any shadow of a doubt. In fact, there is no contention that the evidence is not sufficient to sustain the verdict.

It would serve no useful purpose to set out here the sordid details. Not only did the appellant commit

the crime of rape, but he also robbed the victim of his attack. He was arrested early in the morning of March 10th, about an hour after the crimes were committed. That same day he was charged by felony information with the crime of robbery, and the next day, March 11th, he was taken before the court, arraigned on that charge, and an attorney was appointed to defend him. Up to that time, appellant had made no confession, and he was advised by the court that he did not have to make a statement and that any statement he might make could be used against him. On being returned to jail, he confessed his guilt on the robbery charge. There is no contention that he was mistreated in any manner. In his confession of the robbery, appellant did not disclose what he had done with the victim's purse, which had not been found. The next day after the confession, Sgt. Henley, a peace officer, talked to the appellant in an effort to get him to disclose the whereabouts of the purse. The appellant stated that he had thrown it on top of the schoolhouse. Pursuant to this information, the officers went to the schoolhouse and found the purse. In the course of the conversation about the purse, appellant said he wanted to make another statement. It was then that he confessed to having committed the rape. On the 16th of March, a felony information was filed charging him with the crime of rape.

On appeal appellant contends that the confession of rape was erroneously admitted in evidence because he was in the custody of officers and had not been arraigned on that charge at the time of the confession. Appellant's position is untenable. The law on that point was settled in *State* v. *Browning,* 206 Ark. 791, 178 S. W. 2d 77.

Appellant complains of the argument made in the case by the prosecuting attorney. The arguments of counsel do not appear in the record, and the record contains no objection to the prosecuting attorney's argument. Even in a capital case, objection has to be made to preserve the record for review on appeal. *Jenkins* v. *State,* 222 Ark. 511, 261 S. W. 2d 784. Moreover, what is alleged to have been said by the prosecuting attorney was merely argument as to what the evidence showed

regarding the morality of the appellant, and the jury could have considered it in no other light. We have carefully examined the entire record. The appellant had a fair trial, free from error.

The judgment is affirmed.