MITCHELL *v.* STATE.

4984                                337 S. W. 2d 663

Opinion delivered June 6, 1960.

[Rehearing denied September 12, 1960]

*Thad D. Williams* and *Christopher C. Mercer,* for appellant.

*Bruce Bennett,* Atty. General by *Bill J. Davis,* Asst. Atty. General, for appellee.

SAM ROBINSON, Associate Justice. On the 11th day of April, 1959, appellant, Lonnie B. Mitchell, was convicted of rape and sentenced to death. On appeal to this Court the judgment was affirmed on September 21, 1959. *Mitchell* v. *State,* 230 Ark. 894, 327 S. W. 2d 384. On January 14, 1960, appellant filed in the Union Circuit Court, where he was originally tried, a motion to vacate the judgment. This is an appeal from an order overruling the motion.

It is alleged in the motion that appellant is a Negro and that it is the custom and practice in Arkansas to sentence Negro men to death for raping white women, but that white men are not sentenced to death for rape; that Negroes were systematically excluded from the jury which tried him; that he is an ignorant youth (he was 23 years of age at the time); that he did not have access to effective assistance of counsel; that a purported confession made by appellant was coerced and not volun-

tary; that at the time of the trial he was insane and not mentally present at the trial; that he was insane at the time of the commission of the rape; that he is presently insane; and that he was denied an examination by a private psychiatrist prior to his trial. Nothing is alleged in the motion that was not or could not have been raised on appeal in the first instance except the allegation of present insanity.

In affirming the original judgment, this Court said: "We have carefully examined the entire record. The appellant had a fair trial free from error." The judgment was affirmed and the mandate issued. In these circumstances the trial court did not have jurisdiction to set aside the judgment. In the case of *Fortenberry* v. *Frazier, et al,* 5 Ark. 200, this Court said: "The Supreme Court, except where bills of review, in cases of equity, and writs in the nature of a writ of error *coram nobis,* in suits at law, may be prosecuted, possesses no power to review, revise, or reform its adjudications and opinions after the expiration of the term in which they are pronounced and recorded, unless they are suspended by an order made at that term; and they irrevocably conclude the rights of the parties thereby adjudicated. Whatever was before the Court, and is disposed of, is considered as finally settled. *The inferior court is bound by the judgment or decree as the law of the case, and must carry it into execution according to the mandate. The inferior court cannot vary it, or judicially examine it for any other purpose than execution. It can give no other or further relief as to any matter decided by the Supreme Court even where there is error apparent; or in any manner intermeddle with it further than to execute the mandate, and settle such matters as have been remanded, not adjudicated by the Supreme Court."* (Emphasis supplied.)

The Court said, in *Freeman* v. *State,* 158 Ark. 262, 250 S. W. 522: "An appeal was prosecuted to the Supreme Court from the original judgment of conviction and sentence, which was affirmed. The appeal lifted the cause out of the circuit court; and, as the judg-

ment was affirmed, it was beyond the power of that court to afterwards modify or change it in any respect."

In the case of *Swagger* v. *State,* 227 Ark. 45, 296 S. W. 2d 204, a void judgment was set aside on defendant's motion, but in that case there had been no appeal from the judgment of conviction. The case had not been before this Court previously. There had been no determination by this Court that the judgment was valid.

The motion has no merit, even if considered as a petition for a writ of error *coram nobis.* Ever since the case of *State* v. *Hudspeth,* 191 Ark. 963, 88 S. W. 2d 858, it has been the rule in this State that subsequent to the affirmation of a judgment by this Court petitions for writs of error *coram nobis* cannot be made to the trial court without permission of this Court. No application was made to this Court for permission to file with the trial court a petition for writ of error *coram nobis.* Moreover, it was pointed out in the Hudspeth case that the writ will not lie where the party complaining knew the facts complained of at the time of or before the trial. All the alleged facts appellant now complains of were known at the time of the trial and at the time of the appeal to this Court except the condition of his mind at this time. That question can be determined, as provided by Ark. Stat. § 43-2622.

Affirmed.