MITCHELL v. STATE.

5-2328                                    346 S. W. 2d 201

Opinion delivered May 8, 1961.

[Rehearing denied June 5, 1961.]

*Thad D. Williams* and *Christopher C. Mercer*, for appellant.

*J. Frank Holt,* Attorney General, by *Thorp Thomas,* Asst. Attorney General, for appellee.

JIM JOHNSON, Associate Justice. On the 11th day of April 1959, appellant, Lonnie B. Mitchell, a Negro 23 years of age, was convicted of raping a crippled white woman 77 years of age, and sentenced to death. On appeal to this Court, the judgment, which was based upon a jury verdict, was unanimously affirmed on September 21, 1959, *Mitchell* v. *State,* 230 Ark. 894, 327 S. W. 2d 384. In that opinion we said: ''The overwhelming and uncontradicted evidence proves appellant guilty beyond any shadow of doubt. In fact, there is no contention that the evidence is not sufficient to sustain the verdict.'' Following this decision, appellant, on January 14, 1960, filed in the Union Circuit Court, where he was originally tried, a motion to vacate the judgment. The motion was overruled and upon appeal the decision of the trial court was affirmed on June 6, 1960. *Mitchell* v. *State,* 232 Ark. 371, 337 S. W. 2d 663. Thereafter, on September 23, 1960, appellant filed the present petition for a writ of habeas corpus in the Jefferson Circuit Court. In his petition appellant alleged that his conviction was void in that the death penalty for rape in Arkansas was not imposed upon any person other than Negro men convicted of rape upon white women[1] and

---

[1] Arkansas cases have not yet been digested by race. On the point here alleged, if it can properly be termed a point, a cursory research discloses *Needham* v. *State,* 215 Ark. 935, 224 S.W. 2d 785, to be a recent case affirming a judgment based upon a verdict assessing the death penalty to a white person convicted of rape. Almost all of the cases found made no reference whatever to race, thereby rendering it impossible to tell the race of the condemned.

that such unequal punishment violates his constitutional rights under the Fourteenth Amendment to the Constitution and laws of the United States. He also alleged that the trial court did not appoint him competent counsel, along with the usual allegations of systematic exclusion and/or limitation of Negroes on the jury panels. He further claimed that his confession was coerced and that he is presently insane and was at the time of the commission of the offense.

A hearing was held on the petition for a writ of habeas corpus on September 28, 1960. No evidence was introduced and the trial court dismissed the writ and denied an appeal. Upon proper prayer this Court on November 28, 1960, granted an appeal.

For reversal of the holding of the trial court, appellant relies on two points. His first contention is that: "Appellant is entitled to a judicial inquiry into the truth and substance on the cause of his detention." In support of his contention appellant argues that the effect of the trial court's decision denies him the opportunity to prove the allegations contained in his petition.

The law relative to the scope of the inquiry when a writ of habeas corpus is petitioned is well settled in this State. It is concisely set forth in *Rowland* v. *Rogers,* 199 Ark. 1041, 137 S. W. 246, as follows:

"The rule is that where a petitioner for a writ of habeas corpus is in custody under process regular on its face, nothing will be inquired into except the jurisdiction of the Court whence the process came. *Ex parte Williams,* 99 Ark. 475, 138 S. W. 985."

See also: *Ex parte O'Neal,* 191 Ark. 696, 87 S. W. 2d 401; *State* v. *Martineau,* 149 Ark. 237, 232 S. W. 609; *Ex parte Foote,* 70 Ark. 12, 65 S. W. 706.

---

[2] The record in *Mitchell* v. *State,* 230 Ark. 894, 327 S. W. 2d 384, reveals that all relief sought by appellant relative to systematic exclusion and/or limitation of Negroes on the jury panels was granted. On motion of appellant, the panel was quashed, a new jury was selected and sworn according to law, and the trial then proceeded without objection.

As to the allegations contained in the instant petition, they are the same as were advanced in *Mitchell* v. *State,* 232 Ark. 371, 337 S. W. 2d 663. There we said:

"It is alleged in the motion that appellant is a Negro and that it is the custom and practice in Arkansas to sentence Negro men to death for raping white women, but that white men are not sentenced to death for rape; that Negroes were systematically excluded from the jury which tried him; that he is an ignorant youth (he was 23 years of age at that time); that he did not have access to effective assistance of counsel; that a purported confession made by appellant was coerced and not voluntary; that at the trial he was insane and not mentally present at the trial; that he was insane at the time of the commission of the rape; that he is presently insane; and that he was denied an examination by a private psychiatrist prior to this trial. Nothing is alleged in the motion that was not or could not have been raised on appeal in the first instance except the allegation of present insanity."

The record reveals that no petition for a writ of certiorari was filed with the United States Supreme Court in the above quoted case and as we there said, nothing is alleged that was not or could not have been raised on appeal except the allegation of present insanity. Thus the language in *Goodman* v. *Storey, Sheriff,* 221 Ark. 308, 254 S. W. 2d 63, is applicable here:

"In *Brandon, Ex Parte,* 49 Ark. 143, 4 S. W. 452, the court said: '. . . an application for habeas corpus cannot be made to perform the function of an appeal, or writ of error, in correcting errors and irregularities at the trial. To authorize the judge of the superior court to interfere and discharge a convicted prisoner in this summary fashion, the sentence must be a nullity, or the court which imposed it must have been without jurisdiction.' "

Therefore, since the record reveals that the trial court found the appellant to be in custody under process regular on its face, and that the court from which the

process issued was the court of competent jurisdiction, from what we have said above, and the record before us, we find nothing to indicate that the trial court erred in its judgment. As to appellant's allegation of present insanity, that question can be determined as provided by Ark. Stats. § 43-2622.

Appellant's remaining contention 'for reversal is that: "Each state must provide a clearly defined post conviction remedy by which claims of infringement of federal rights may be asserted."

In support of this contention appellant argues that to hold that habeas corpus cannot be used to enforce his constitutional rights deprives him of an opportunity to assert such rights. He then cites *Young* v. *Regan*, 337 U. S. 235, 69 S. Ct. 1073, 93 L. Ed. 1333, in support of his view that a State must provide a post conviction remedy for the vindication of his constitutional rights. In our view, Arkansas does provide a post conviction remedy, i. e., an appeal whereby he can assert any alleged deprivation of his constitutional rights. If he fails to take advantage of this opportunity, the State need not provide him with limitless other methods whereby he could forever prolong the litigation. In *Brown* v. *Allen*, 344 U. S. 443, 503, 73 S. Ct. 437, 87 L. Ed. 268, the question now raised was disposed of in the following language:

"Of course, nothing we have said suggests that the federal habeas corpus jurisdiction can displace a State's procedural rule requiring that certain errors be raised on appeal. Normally, rights under the Federal Constitution can be waived at the trial, *Adams* v. *United States ex rel. McCann*, 317 U. S. 269, 63 S. Ct. 236, 87 L. Ed. 268, and may likewise be waived by failure to assert such errors on appeal. Compare *Frank* v. *Mangum*, 237 U. S. 309, 343, 35 S. Ct. 582, 59 L. Ed. 969. When a State insists that a defendant be held to his choice of trial strategy and not be allowed to try a different tack on State habeas corpus, he may be deemed to have waived his claim and thus have no right to assert on federal habeas corpus. Such considerations of orderly appellate procedure give rise to the conventional statement that habeas corpus should not do

service for an appeal. See *Adams* v. *United States ex rel. McCann, supra,* at 274. Compare *Sunal* v. *Large,* 332 U. S. 174, 67 S. Ct. 1588, 91 L. Ed. 1982, with *Johnson* v. *Zerbst,* 304 U. S. 458, 465-469, 58 S. Ct. 1019, 82 L. Ed. 1461."

Affirmed.