Lonnie MITCHELL, Appellant,

v.

Lee HENSLEE, Superintendent of Arkansas State Penitentiary, Appellee.

No. 17208.

United States Court of Appeals
Eighth Circuit.

May 4, 1964.

Christopher C. Mercer, Jr., Little Rock, Ark., made argument for appellant and filed brief with Delector Tiller, Little Rock, Ark.

Jack L. Lessenberry, Asst. Atty. Gen., Little Rock, Ark., made argument for appellee and filed brief with Bruce Bennett, Atty. Gen., Little Rock, Ark.

Before JOHNSEN, Chief Judge, MATTHES, Circuit Judge, and GIBSON, District Judge.

PER CURIAM.

The appeal is from an order denying an application for a writ of habeas corpus, Mitchell v. Henslee, D.C.E.D.Ark., 208 F.Supp. 533. Appellant is under a sentence of death by the courts of Arkansas for a conviction of rape. He is a Negro and was 23 years of age at the time of the offense. His claims of constitutional violation involve in part charges of racial discrimination in relation to his conviction and sentence.

The conviction was affirmed by the Supreme Court of Arkansas in Mitchell v. State, 230 Ark. 894, 327 S.W.2d 384. The overruling of a subsequent motion to vacate the judgment was affirmed in Mitchell v. State, 232 Ark. 371, 337 S.W. 2d 663. The denial of a writ of habeas corpus was affirmed in Mitchell v. State ex rel. Henslee, 233 Ark. 578, 346 S.W.2d 201. Also, the Court denied appellant leave to file in the trial court a petition in the nature of a writ of error coram nobis (unreported order) in a further attempt to obtain a hearing on his claims.

The claims of violation of due process and equal protection were first asserted in appellant's collateral attacks. The

Arkansas Supreme Court held that they could and should have been raised in his appeal from conviction, and that he was not entitled to any other consideration of them. The District Court similarly held as to three of the claims that appellant's failure to assert the constitutional violations in his appeal from conviction effected a waiver of them as grounds for federal relief.

While the District Court ruled upon each of appellant's claims as not affording basis for federal relief, it also declared that, since appellant had not petitioned for certiorari on any of the Arkansas Supreme Court's judgments and orders, he had not exhausted his state remedies, and that "this Court must and does find that there are no exceptional circumstances involved in this case which would allow this Court to consider this matter in view of the rule of Darr v. Burford", 339 U.S. 200, 70 S.Ct. 587, 94 L.Ed. 761. The Court seems to have dealt with this aspect alternatively, since it had precedingly made ruling on each of the claims. We shall confine ourselves to the rulings on the claims, since the subsequent abandonment by the Supreme Court in Fay v. Noia, 372 U.S. 391, 83 S. Ct. 822, 9 L.Ed.2d 837, of the holding in Darr as to the necessity of a state prisoner's petitioning for certiorari to some judgment or order of the State's highest court rejecting his constitutional claims in order for an exhaustion of state remedies to exist, makes unnecessary any discussion of that aspect.

In ruling that none of appellant's claims afforded a basis for federal habeas corpus relief, the District Court made resort solely to the record of the state court proceedings, holding that this was sufficient on which to predicate federal denial and "therefore * * * there is no necessity for this Court to hold a hearing for the purpose of receiving evidence."

The first claim of constitutional violation was that the imposing of the death penalty against appellant rested on racial discrimination in the administration of the State's rape statute and so constituted a denial of equal protection; that the statute conferred the power of imposing capital punishment for the offense upon the jury without right of judicial alteration; that Arkansas juries exercised this death power as to rape only in prosecutions against Negroes and not in prosecutions against white defendants; and that the exercising of the power on this racial basis was a matter of "practice, policy and custom", rooted in common understanding and constituting a part of the State's system of administering criminal justice. As to this contention, the District Court said: "This contention could have been raised in the original State proceedings, and when petitioner failed to do so, he waived the point and cannot litigate it here". It added the comment that "it is by no means clear that Negro men are invariably sentenced to death upon conviction for rape while white men are never sentenced to death for rape in Arkansas", but it did not purport to make a determination of the fact, nor could it have done so, since there was no such basis before it as could be held to be legally conclusive on the question against appellant's contention.

The second claim asserted was that racial discrimination was practiced in the selection of the jury panel, in that while a few Negroes were included in the list, these were hand-picked choices; they did not come from a general non-racial juror base; and there was in fact a systematic limitation and exclusion as to Negroes, both on the number and the mode of selection involved. As to this contention also, the District Court said that "the panel * * * was not objected to at the original trial nor was this matter urged upon the Arkansas Supreme Court in the original appeal, and this point was therefore waived just as number 1 above". Again, as in connection with appellant's first claim, the Court added a comment, noting the number of Negroes shown by the state court record to have been included in the panel, but not purporting to determine, or to have basis on which to declare to be legally conclusive, the facts as against appellant's contention.

Appellant's third claim was that purported confessions and statements on his part were used to convict, which "were made because defendant had been threatened, physically abused, held incommunicado and subjected to other phychological coercion". As to this alleged violation of due process, the District Court said: "No objection was made to either confession on the ground that petitioner had been threatened, physically abused or otherwise coerced into making the confession, and this point was therefore waived". Here the Court took occasion to add a comment that "it should be pointed out that the [state court] record is replete with the voluntariness of these confessions, and there is no evidence indicating that any coercion was used on the petitioner to obtain the confessions."

Shading into and capable of having significance on the three claims which have been mentioned, is appellant's further contention that he did not have effective assistance of counsel, in that his counsel failed to make proper assertion and to afford him due protection in relation to the constitutional violations of which he complains. The District Court disposed of this contention by declaring that, from what it had previously said regarding appellant's claims (presumably in the comments noted above), "it does not appear that any of them has merit, and counsel * * * being an officer of the court, cannot be expected to and should not raise an objection that has no validity". It added the comment that, however, it did "want to state after a thorough review of the record that it is clear that petitioner was well and adequately represented at his trial."

Appellant's final claim was an allegation that he "avers and believes that he was insane at the time of the commission of the offense * * * and is presently insane". The Court held that no hearing was necessary upon this contention, since the reports of psychiatric examinations which the Arkansas Supreme Court had had made before its denial of appellant's application for leave to file a petition in error coram nobis, "all found him to be legally sane", and beyond this "counsel * * * stated that he had no further evidence to present on this point and did not intend to press it."

The waiver which the Court held appellant had made of his first three claims was waiver to which it accorded recognition not on the basis of significance from fact but of consequence as a matter of law. It was a status which the court regarded as becoming automatically attached to the constitutional claims from appellant's failure to have asserted them in his appeal from conviction. Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed. 2d 837, will not permit disposition of claims of constitutional violation made on the basis of this concept and application of waiver to stand.

For purposes of federal habeas corpus by a state prisoner, waiver as to alleged constitutional violations can, in the language of Noia, only be held to exist on the basis that there was "an intentional relinquishment or abandonment of a known right or privilege" by the petitioner; that he "understandingly and knowingly forewent the privilege of seeking to vindicate his federal claims in the state courts", so as to have engaged in a "deliberate bypassing of state procedures"; and that in any such deliberate bypassing which may appear to exist, he can not automatically be held responsible for "[a] choice made by counsel not participated in by the petitioner". 372 U.S. at 438–439, 83 S.Ct. at 849, 9 L.Ed. 2d 837.

The basis on which appellant's first three claims were denied by the District Court requires reversal as to them. In the possible relationship and significance of the fourth claim (lack of effective assistance of counsel) to the failure to have asserted appellant's other claims on what he now alleges the facts to be as to them (and particularly if the facts were not brought out in relation to his confessions as he alleges), reversal also will be made of the Court's summary denial of this claim. Since the District Court thus will be required to engage in

a hearing, we deem it advisable further, in order not to leave open whether counsel was warranted or unwarranted in not raising the defense of insanity on the trial, to allow appellant to present such evidence as he may have, if any, upon the question.

In what we have said, no intimation is of course intended on any of appellant's claims. Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770, will provide such guidelines as are necessary on the scope and standards of the hearing.

Reversed and remanded for further proceedings.