SLIP OPINION



Cite as 2015 Ark. 78

# SUPREME COURT OF ARKANSAS

No. CV-14-330

| | |
|---|---|
| FEDERAL NATIONAL MORTGAGE ASSOCIATION<br><br>APPELLANT<br><br>V.<br><br><br>JOLYNN TAYLOR<br><br>APPELLEE | Opinion Delivered February 26, 2015<br><br>APPEAL FROM THE CARROLL COUNTY CIRCUIT COURT, WESTERN DISTRICT [NO. CV2012-112WD]<br><br>HONORABLE GERALD K. CROW, JUDGE<br><br>REVERSED AND REMANDED. |

**ROBIN F. WYNNE, Associate Justice**

Federal National Mortgage Association appeals from an order of the Carroll County Circuit Court granting summary judgment in favor of appellee Jolynn Taylor and dismissing its petition to redeem property with prejudice. Appellant argues that the trial court erred by granting summary judgment in appellee's favor because the redemption period stated in the decree was binding and that appellee is estopped from arguing otherwise. As this case was certified to us by our court of appeals, our jurisdiction is pursuant to Arkansas Supreme Court Rule 1-2(d) (2014). We reverse and remand.

On September 14, 2011, a Judgment in Rem and Decree of Foreclosure was entered by the Carroll County Circuit Court that gave the Board of Commissioners, Holiday Island Suburban Improvement District Number 1 (HISID) a lien against certain pieces of property for unpaid assessments. Among those property owners was appellant, which owned Unit 1,

SLIP OPINION

Block 1, Lot 7. The properties were ordered to be sold at a Commissioner's sale if the indebtedness was not paid within seven days of the decree. The decree states that any sale of the properties listed would be subject to the rights of redemption provided for in Arkansas Code Annotated section 14-121-432. That section is part of the chapter of the Arkansas Code governing drainage improvement districts and states that the owner of land foreclosed under that chapter for delinquent taxes may file a petition within two years from the date of the foreclosure decree alleging that the taxes have been paid in order to redeem the property. Ark. Code Ann. § 14-122-432(a) (Repl. 1998).

The parties disagree regarding whether the redemption period applicable to drainage improvement districts or the period applicable to suburban improvement districts should apply. Pursuant to Arkansas Code Annotated section 14-92-232(c) (Repl. 1998), a suburban improvement district may enforce collection of delinquent assessments in the same manner provided for municipal property owners' improvement districts under Arkansas Code Annotated section 14-94-122. Section 14-94-122(j) (Repl. 1998) allows redemption of property within thirty days of the filing of the final decree of foreclosure.

HISID was granted the property formerly owned by appellant, subject to appellant's redemption rights, via a Commissioner's Deed filed on October 28, 2011. HISID then executed a Limited Warranty Deed granting the property to appellee. The deed, which was filed on November 30, 2011, recites that it is "subject to the rights of redemption of the former record owners of the property as set forth in Ark. Code Ann. Section 14-212-432." There is no such section of the Arkansas Code. The sale contract between appellee and

HISID states that the property is subject to the rights of redemption of the former owners set forth in section 14-121-432 and that there is no warranty of title.

Appellant filed a Petition to Redeem Property on December 14, 2012. In the petition, appellant alleged that it had paid delinquent improvement district taxes due to HISID. Appellant further alleged that the petition was filed within the two-year redemption period provided in section 14-121-432. Attached to the petition was a receipt dated November 8, 2012, reflecting payment in the amount of $2,518.42. HISID responded to the petition and indicated that it had no objection to redemption by appellant. Appellee filed an answer and counterclaim in which she denied that the allowable redemption period was two years and, alternatively, sought judgment in the amount of $2,873.42, which is the amount she paid for the property, in the event appellant's petition were granted.[1] In response to appellant's counterclaim, HISID petitioned to interplead funds in the amount of $2,873.42 into the registry of the court. The petition was granted by the trial court on October 28, 2013.

Appellee filed a motion for summary judgment on September 30, 2013. In the motion, appellee argued that, although the decree applied the two-year redemption period for drainage improvement districts, the thirty-day period applicable to suburban improvement districts should apply. She further contended that, as a result, she was entitled to judgment as a matter of law based on appellant's failure to redeem the property within thirty days.

---

[1]Appellant's petition named as defendants HISID, appellee, and "unknown occupants of 316 Stateline Dr., Holiday Island, AR." Mark Churchill joined appellee's answer and subsequent motion for summary judgment as an occupant of that address. Churchill is not a party to this appeal.

Appellant filed an amended complaint on October 14, 2013, which added a contention that the foreclosure decree was "subject to the rights of redemption provided for in Ark. Code Ann. § 14-121-432." On October 23, 2013, appellant filed a response to appellee's motion for summary judgment wherein it argued that the decree provided for a two-year redemption period, it acted in reliance on the provision in the decree, there was no appeal from the decree, which is a valid final order, and, as a result, the language of the decree should control. Appellant subsequently filed a supplemental response to the motion for summary judgment in which it argued that appellee had knowledge of the two-year redemption period prior to her purchase of the property and, she is estopped from arguing that the two-year period should not apply.

On December 26, 2013, the trial court entered an order granting summary judgment in favor of appellee and dismissing appellant's petition with prejudice. In the order, the trial court found that appellant's right of redemption was governed by the thirty-day period applicable to suburban improvement districts pursuant to Arkansas Code Annotated sections 14-922-232 and 14-94-122(j). As a result, the trial court found that appellant's petition was untimely and barred. This appeal followed.

The law is well settled regarding the standard of review used by this court in reviewing a grant of summary judgment. *See Repking v. Lokey*, 2010 Ark. 356, 377 S.W.3d 211. A circuit court will grant summary judgment only when it is apparent that no genuine issues of material fact exist requiring litigation and that the moving party is entitled to judgment as a matter of law. *See id.* The burden of proof shifts to the opposing party once the moving

SLIP OPINION

party establishes a prima facie entitlement to summary judgment, and the opposing party must demonstrate the existence of a material issue of fact. *See id*. After reviewing the undisputed facts, the circuit court should deny summary judgment if, under the evidence, reasonable minds might reach different conclusions from the same undisputed facts. *See id*. On appeal, this court determines if summary judgment was appropriate based on whether the evidentiary items presented by the moving party leave a material question of fact unanswered. *See id*. This court views the evidence in a light most favorable to the party against whom the motion was filed, resolving all doubts and inferences against the moving party. *See id*. This review is not limited to the pleadings but also includes the affidavits and other documents filed by the parties. *See id*. The issue of whether a party is immune from suit in a summary-judgment procedure is purely a question of law, and this court reviews that issue on appeal de novo. *See id*.

Here, the parties do not allege that there remain any genuine issues of material fact; nor do there appear to be any from our review of the record. We must determine whether the trial court was correct in concluding that appellee was entitled to judgment as a matter of law. Appellant argues that the decision of the trial court was incorrect because the foreclosure decree is not void and, as a result, appellee could not collaterally attack the provisions of the decree and is bound by them. Appellant also asserts that appellant is equitably estopped from asserting that the thirty-day redemption period applies. Appellee responds that the redemption period should be determined by the applicable statutory provision, not the citation in the decree. She also argues that appellant's arguments regarding collateral attack

SLIP OPINION

and equitable estoppel are not preserved because they were not raised before the trial court.

First, we address appellee's contention that appellant's collateral–attack argument is not preserved for review on appeal. A collateral attack is defined as "an attack on a judgment in a proceeding other than a direct appeal." *Black's Law Dictionary*, 318 (10th ed. 2014). Appellant asserted in its response to the motion for summary judgment that there had been no appeal from the foreclosure decree and that it was a valid final judgment. Appellant does not use the words "collateral attack;" however, appellant's arguments make it clear that it was asserting that the decree was not appealed from and was binding, and that appellee's challenge was an attempt to alter the decree in a proceeding other than a direct appeal. This is sufficient to preserve the argument made on appeal.

Although appellee asserts in her brief that she is not attempting to collaterally attack the foreclosure decree, she is mistaken. The foreclosure decree explicitly states that redemption of the property would be governed by a statute that grants a two-year period in which to redeem the property. Appellee argued below that this portion of the decree should not be binding because it cites the incorrect statute. In order for appellee to prevail, the plain language of the foreclosure decree will by necessity have to be disregarded. This constitutes a collateral attack on the decree.

Appellant correctly states that, absent allegations of fraud or lack of jurisdiction, a judgment entered by a circuit court bears presumptive verity and may not be questioned by collateral attack. *Powers v. Bryant*, 309 Ark. 568, 571, 832 S.W.2d 232, 233 (1992). However, this court has also held that

SLIP OPINION

the right of redemption is only statutory, and it must therefore be asserted in the time and manner and upon the conditions named in the statute which creates the right. The courts cannot by construction extend the time or vary the terms of the statute under which such right can be exercised.

*Brasch v. Mumey*, 99 Ark. 324, 138 S.W. 458 (1911). Appellee raised no allegations of fraud or lack of jurisdiction by the circuit court. Her sole allegation regarding the foreclosure decree in her motion for summary judgment is that the circuit court cited the incorrect redemption statute in the decree.

The issue for this court to resolve in this appeal is whether the allegation made by appellee renders the decree void and subject to collateral attack. We hold that it does not. As this court has previously stated,

> Erroneous judgments are not necessarily void judgments. If the court in which the erroneous judgment is entered has jurisdiction of the subject matter and the parties thereto, such judgment is voidable but not void.

*Goodman v. Storey*, 221 Ark. 308, 254 S.W.2d 2d 63 (1952) (quoting *Ex Parte O'Neal*, 191 Ark. 696, 87 S.W.2d 401 (1935)). As appellee has raised no question regarding the circuit court's exercise of personal or subject-matter jurisdiction in the foreclosure action and her allegation does not involve fraud, appellee's collateral attack on the foreclosure decree based on her allegation that the redemption period cited in the decree is incorrect cannot be sustained. Accordingly, the trial court erred by granting summary judgment in appellee's favor. Because appellant's argument regarding collateral attack is dispositive, it is unnecessary to address appellant's remaining argument regarding equitable estoppel.

Reversed and remanded.

WOOD, J., dissents.

SLIP OPINION

**RHONDA K. WOOD, Justice, dissenting.** We have long held that parties cannot enlarge or change the grounds for an objection or motion on appeal, and they are bound by the scope and nature of the arguments presented to the circuit court. *Riley v. State*, 2012 Ark. 462, at 3. In order to preserve an argument for appeal, the issue must be raised sufficiently to apprise the court of the particular error alleged. *Gulley v. State*, 2012 Ark. 368, at 6, 423 S.W.3d 569, 575. In addition, an argument is not preserved for appeal unless the trial court rules on the issue. *Id*. I believe that the majority has departed from these basic principles in this case, and I respectfully dissent.

Taylor contested Federal National Mortgage Association's ("Fannie Mae") redemption action by moving for summary judgment and arguing to the circuit court that Fannie Mae's time to redeem had expired. The land in question is part of a suburban improvement district, and the redemption period is only thirty days. Ark. Code Ann. §§ 14-92-232(c) and 14-94-122(j). Taylor contended that because Fannie Mae filed its petition to redeem the land more than a year after foreclosure, the petition was untimely. The circuit court granted summary judgment in her favor.

The substance of Fannie Mae's argument opposing summary judgment was that it relied on the court's previous foreclosure decree even though the decree cited the wrong redemption statute and erroneously stated that Fannie Mae had two years to redeem the property.

The full extent of Fannie Mae's argument to the circuit court is as follows:

> Assuming arguendo that the wrong period was included, the uncontested fact remains that the statute providing for a two-year period was

included in the decree. In reliance on that express provision, Plaintiff paid the taxes and filed its petition herein in a timely manner. There has been no appeal and the decree was and is a valid final order of this Court.

Moreover, movants cite to no authority for the proposition that this Court in this action can unilaterally "correct" the decree in another action. Plaintiff suggests that this omission is understandable since there is no authority to support movants' creative arguments. The decree provided for a two-year redemption period, and the decree should control.

On appeal, this argument has ballooned. Fannie Mae now, for the first time, takes the position that Taylor's argument should not prevail because it constitutes a collateral attack on the foreclosure decree, which is improper except in cases of fraud or lack of jurisdiction. Fannie Mae bolsters its new argument by, also for the first time, asserting that Taylor failed to allege fraud or lack of jurisdiction. According to Fannie Mae, Taylor's failure to raise the issues of fraud or jurisdiction means that the erroneous foreclosure decree is only voidable and is presumptively correct, again, new arguments and reasoning conspicuously absent prior to appeal. It is understandable that Taylor failed to address the exceptions to the collateral-attack doctrine and that the circuit court did not address collateral attack in its ruling, because it is clear that no one at the circuit court level had been apprised that Fannie Mae was making an argument grounded on a collateral-attack theory.

Fannie Mae's original argument was couched in terms of reliance, and that is the argument on which the circuit court ruled in its summary judgment order. After reciting the pertinent facts and correctly noting that the controlling statute provides only a thirty-day redemption period, the court specifically held that "FNMA's reliance on 14-121-432 is misplaced as that statute provides a limitation for a different statutory entity known as a

Drainage Improvement District." In reaching their decision, the majority now moves past the reliance argument that Fannie Mae originally made and rules on the collateral-attack issue, which the circuit court was never asked to decide.

We have consistently declined to entertain arguments that were not fully developed in the circuit court. In *Beverly Enterprises-Arkansas, Inc. v. Thomas*, Beverly Enterprises argued that Thomas would be an inadequate class representative because she severed her individual claims from the class proceedings and scheduled them to be tried before the class claims. 370 Ark. 310, 320, 259 S.W.3d 445, 452 (2007). According to Beverly, the doctrine of res judicata would prevent Thomas from participating in the class because she would be barred from pursuing additional claims arising out the same set of facts but which were not asserted in her earlier, individual suit. *Id.* We refused to consider Beverly's argument, holding as follows:

> Though Beverly did argue to the circuit court that Thomas was an inadequate class representative, it appears never to have raised the specific argument that it makes now regarding res judicata and its effect on class claims if Thomas pursues her individual claims first. Further, the circuit court did not rule on whether Thomas's severance of her medical malpractice and negligence claims would bar her ability to bring class claims….

*Id.* at 321, 259 S.W.3d at 452.

Even if the court were to accept that Fannie Mae's original argument was not solely one of reliance, the fact remains that Fannie Mae never gave a reason that the foreclosure decree should trump the governing redemption statute other than that the decree was "a valid final order." This court should not allow a conclusory argument alone to be expanded on appeal. Fannie Mae did nothing more than offer that it should be able to rely on the

foreclosure decree, thus it should control. To interpret Fannie Mae's two-paragraph argument to the circuit court as consistent with its new, fully-developed, eight-page, collateral-attack argument to this court betrays the reasoning in *Thomas*.

Simply parroting that "the decree should control" does not entitle Fannie Mae to later raise every argument supporting that position when none was raised to the circuit court. *See Riley,* 2012 Ark. 462, at 3 ("we cannot say that the mere citation of [a] case preserves for appeal any and every legal argument based thereon, even if not articulated to the circuit court"). At best, Fannie Mae's argument is similar to a party defending a breach–of–contract suit by simply filing a motion for summary judgment stating, "The contract is unenforceable," without any further elaboration, then arguing on appeal that the contract was unconscionable, violated the statute of frauds, and lacked mutual obligation. We have never indulged such arguments, and I see no reason to depart from that practice here.

Fannie Mae also makes an estoppel argument; however, it, too, should not be given any credence. Fannie Mae mentioned estoppel for the first time in a supplemental response to Taylor's motion for summary judgment. Fannie Mae filed this document nearly a month after the time limit for responding to Taylor's motion, and Taylor moved to strike the supplement. It is unclear whether the circuit court even considered the supplemental response because there is no order on Taylor's motion to strike and the circuit court makes no mention of estoppel in its order granting summary judgment. Because there is no ruling on estoppel, there is no decision for us to review, and the issue is not preserved for appeal. *Ark. Wildlife Fed'n v. Ark. Soil and Water Conservation Comm'n*, 366 Ark. 50, 61, 233 S.W.3d 615, 622

11

(2006). Even if it were preserved, Fannie Mae's argument to this court is nothing more than a conclusory allegation that Taylor should be estopped. This court has held that it will not consider an argument that presents no citation to authority or convincing argument. *Kelly v. State*, 350 Ark. 238, 241, 85 S.W.3d 893, 895 (2002). Fannie Mae failed to include any supporting authority and makes no attempt to explain how the elements of estoppel are satisfied, nor what the elements even are. Accordingly, there is no reason for us to consider the argument.

I would affirm the circuit court in all respects; therefore, I respectfully dissent.

*Wilson & Associates, PLLC*, by: *H. Keith Morrison*, for appellant.

*Jon Comstock*, Legal Aid of Arkansas, Inc., for appellee.