ROBIN F. WYNNE, Associate Justice 1, Federal National Mortgage Association appeals from an order of the Carroll County Circuit Court granting summary judgment in favor of appellee Jolynn Taylor and dismissing its petition to redeem property with prejudice. Appellant argues that the trial court erred by granting summary judgment in appellee’s favor because the redemption period stated in the decree was binding and that appellee is estopped from arguing otherwise. As this case was certified to us by our court of appeals, our jurisdiction is pursuant to Arkansas Supreme Court Rule 1 — 2(d) (2014). We reverse and remand. On September 14, 2011, a Judgment in Rem and Decree of Foreclosure was entered by the Carroll County Circuit Court that gave the Board of Commissioners, Holiday Island Suburban Improvement District Number 1 (HISID) a lien against certain pieces of properly for unpaid assessments. Among those property owners was appellant, which owned Unit 1, LBlock 1, Lot 7. The properties were ordered to be sold at a Commissioner’s sale if the indebtedness was not paid within seven days of the decree. The decree states that any sale of the properties listed would be subject to the rights of redemption provided for in Arkansas Code Annotated section 14-121-432. That section is part of the chapter of the Arkansas Code governing drainage improvement districts and states that the owner of land foreclosed under that chapter for delinquent taxes may file a petition within two years from the date of the foreclosure decree alleging that the taxes have been paid in order to redeem the property. Ark.Code Ann. § 14-122-432(a) (Repl.1998). The parties disagree regarding whether the redemption period applicable to drainage improvement districts or the period applicable to suburban improvement districts should apply. Pursuant to Arkansas Code Annotated section 14-92-232(e) (Repl.1998), a suburban improvement district may enforce collection of delinquent assessments in the same manner provided for municipal property owners’ improvement districts under Arkansas Code Annotated section 14-94-122. Section 14-94-122(j) (Repl.1998) allows redemption of property within thirty days of the filing of the final decree of foreclosure. HISID was granted the property formerly owned by appellant, subject to appellant’s redemption rights, via a Commissioner’s Deed filed on October 28, 2011. HISID then executed a Limited Warranty Deed granting the properly to appellee. The deed, which was filed on November 30, 2011, recites that it is “subject to the rights of redemption of the former record owners of the properly as set forth in Ark.Code Ann. Section 14-212-432.” There is no such section of the Arkansas Code. The sale contract between appellee and IsHISID states that the properly is subject to the rights of redemption of the former owners set forth in section 14-121-432 and that there is no warranty of title. Appellant filed a Petition to Redeem Property on December 14, 2012. In the petition, appellant alleged that it had paid delinquent improvement district taxes due to HISID. Appellant further alleged that the petition was filed within the two-year redemption period provided in section 14-121-432. Attached to the petition was a receipt dated November 8, 2012, reflecting payment in the amount of $2,518.42. HI-SID responded to the petition and indicated that it had no objection to redemption by appellant. Appellee filed an answer and counterclaim in which she denied that the allowable redemption period was two years and, alternatively, sought judgment in the amount of $2,873.42, which is the amount she paid for the property, in the event appellant’s petition were granted.[1] In response to appellant’s counterclaim, HISID petitioned to interplead funds in the amount of $2,873.42 into the registry of the court. The petition was granted by the trial court on October 28, 2013. Appellee filed a motion for summary judgment on September 30, 2013. In the motion, appellee argued that, although the decree applied the two-year redemption period for drainage improvement districts, the thirty-day period applicable to suburban improvement districts should apply. She further contended that, as a result, she was entitled to judgment as a matter of law based on appellant’s failure to redeem the property within thirty days. UAppellant filed an amended complaint on October 14, 2013, which added a contention that the foreclosure decree was “subject to the rights of redemption provided for in Ark.Code Ann. § 14-121-432.” On October 23, 2013, appellant filed a response to appellee’s motion for summary judgment wherein it argued that the decree provided for a two-year redemption period, it acted in reliance on the provision in the decree, there was no appeal from the decree, which is a valid final order, and, as a result, the language of the decree should control. Appellant subsequently filed a supplemental response to the motion for summary judgment in which it argued that appellee had knowledge of the two-year redemption period prior to her purchase of the property and, she is estopped from arguing that the two-year period should not apply. On December 26, 2013, the trial court entered an order granting summary judgment in favor of appellee and dismissing appellant’s petition with prejudice. In the order, the trial court found that appellant’s right of redemption was governed by the thirty-day period applicable to suburban improvement districts pursuant to Arkansas Code Annotated sections 14-92-232 and 14 — 94—122(j). As a result, the trial court found that appellant’s petition was untimely and barred. This appeal followed. The law is well settled regarding the standard of review used by this court in reviewing a grant of summary judgment. See Repking v. Lokey, 2010 Ark. 356, 377 S.W.3d 211. A circuit court will grant summary judgment only when it is apparent that no genuine issues of material fact exist requiring litigation and that the moving party is entitled to judgment as a matter of law. See id. The burden of proof shifts to the opposing party once the moving Ifiparty establishes a prima facie entitlement to summary judgment, and the opposing party must demonstrate the existence of a material issue of fact. See id. After reviewing the undisputed facts, the circuit court should deny summary judgment if, under the evidence, reasonable minds might reach different conclusions from the same undisputed facts. See id. On appeal, this court determines if summary judgment was appropriate based on whether the evidentiary items presented by the moving party leave a material question of fact unanswered. See id. This court views the evidence in a light most favorable to the party against whom the motion was filed, resolving all doubts and inferences against the moving party. See id. This review is not limited to the pleadings but also includes the affidavits and other documents filed by the parties. See id. The issue of whether a party is immune from suit in a summary-judgment procedure is purely a question of law, and this court reviews that issue on appeal de novo. See id. Here, the parties do not allege that there remain any genuine issues of material fact; nor do there appear to be any from our review of the record. We must determine whether the trial court was correct in concluding that appellee was entitled to judgment as a matter of law. Appellant argues that the decision of the trial court was incorrect because the foreclosure decree is not void and, as a result, appellee could not collaterally attack the provisions of the decree and is bound by them. Appellant also asserts that appellant is equitably estopped from asserting that the thirty-day redemption period applies. Appellee responds that the redemption period should be determined by the applicable statutory provision, not the citation in the decree. She also argues that appellant’s arguments regarding collateral attack | fiand equitable estoppel are not preserved because they were not raised before the trial court. First, we address appellee’s contention that appellant’s collateral-attack argument is not preserved for review on appeal. A collateral attack is defined as “an attack on a judgment in a proceeding other than a direct appeal.” Black’s Law Dictionary, 318 (10th ed.2014). Appellant asserted in its response to the motion for summary judgment that there had been no appeal from the foreclosure decree and that it was a valid final judgment. Appellant does not use the words “collateral attack;” however, appellant’s arguments make it clear that it was asserting that the decree was not appealed from and was binding, and that appellee’s challenge was an attempt to alter the decree in a proceeding other than a direct appeal. This is sufficient to preserve the argument made on appeal. Although appellee asserts in her brief that she is not attempting to collaterally attack the foreclosure decree, she is mistaken. The foreclosure decree explicitly states that redemption of the property would be governed by a statute that grants a two-year period in which to redeem the properly. Appellee argued below that this portion of the decree should not be binding because it cites the incorrect statute. In order for appellee to prevail, the plain language of the foreclosure decree will by necessity have to be disregarded. This constitutes a collateral attack on the decree. Appellant correctly states that, absent allegations of fraud or lack of jurisdiction, a judgment entered by a circuit court bears presumptive verity and may not be questioned by collateral attack. Powers v. Bryant, 309 Ark. 568, 571, 832 S.W.2d 232, 233 (1992). However, this court has also held that |7the right of redemption is only statutory, and it must therefore be asserted in the time and manner and upon the conditions named in the statute which creates the right. The courts cannot by construction extend the time or vary the terms of the statute under which such right can be exercised. Brasch v. Mumey, 99 Ark. 324, 138 S.W. 458 (1911). Appellee raised no allegations of fraud or lack of jurisdiction by the circuit court. Her sole allegation regarding the foreclosure decree in her motion for summary judgment is that the circuit court cited the incorrect redemption statute in the decree. The issue for this court to resolve in this appeal is whether the allegation made by appellee renders the decree void and subject to collateral attack. We hold that it does not. As this court has previously stated, Erroneous judgments are not necessarily void judgments. If the court in which the erroneous judgment is entered has jurisdiction of the subject matter and the parties thereto, such judgment is voidable but not void. Goodman v. Storey, 221 Ark. 308, 254 S.W.2d 63 (1952) (quoting Ex Parte O’Neal, 191 Ark. 696, 87 S.W.2d 401 (1935)). As appellee has raised no question regarding the circuit court’s exercise of personal or subject-matter jurisdiction in the foreclosure action and her allegation does not involve fraud, appellee’s collateral attack on the foreclosure decree based on her allegation that the redemption period cited in the decree is incorrect cannot be sustained. Accordingly, the trial court erred by granting summary judgment in appellee’s favor. Because appellant’s argument regarding collateral attack is dispositive, it is unnecessary to address appellant’s remaining argument regarding equitable estoppel. Reversed and remanded. Wood, J., dissents. . Appellant’s petition named as defendants HISID, appellee, and “unknown occupants of 316 Stateline Dr., Holiday Island, AR.” Mark Churchill joined appellee’s answer and subsequent motion for summary judgment as an occupant of that address. Churchill is not a party to this appeal.